ALLEN, Judge.
Elizabeth Ann French, the appellee here, was plaintiff below. The chancellor granted her a divorce on the grounds of extreme cruelty; awarded her the custody of three minor children and possession of the family homestead; and ordered the defendant-appellant to pay to her $600.00 monthly alimony, $150.00 per month child support for each of the three children, and $4,000.00 to her attorney in addition to temporary fees of $1,000.00 already awarded and $1,000.00 suit money.
The appellant is only attacking in this' appeal the amount of alimony, child support and attorneys’ fees.
Mrs. French testified at the hearing that she required $2,500 per month to maintain herself and her children in the manner to which they had become accustomed. In addition she itemized her needs.
Mr. French introduced various ledger accounts purportedly reflecting withdrawals from the family bank account in an attempt to show what the family’s living expenses *585 had been over the past three years. There was evidence that some family living expenses were paid for out of certain business accounts of the appellant-defendant. There is some disagreement between the parties as to whether certain items of past family expenditure constitute living expenses.
The parties stipulated during the pre-trial conference that Mrs. French would only have to prove, on direct examination, the needs of the wife and the children and their standard of living; that the defendant, if he should be unable to supply said needs, would have the burden to prove his inability to pay; that the defendant would also have the right to contest the needs testified to by the wife; and that the wife would have the right to rebut defendant’s proof as to his inability to pay.
No attempt was made by the defendant to contest his ability to pay. We have read the entire record in this case, including all of the testimony adduced before the lower court, in an attempt to determine the income of the defendant, as well as his net worth, in order to ascertain if the lower court had sufficient evidence before him to reach a decision as to Mrs. French’s need for alimony and the needs of the children in line with their previous living standards and, after considering the social standards of the wife and children, the financial abilities of Mr. French.
The record discloses that Mr. French is a very wealthy man. Mr. French testified:
“I am actually not employed in a position as the average layman as I have real estate holdings, apartment houses, shopping centers, and trust fund that I look after. Trust fund being primarily for the children.”
In the deposition of Mr. French, taken October 2, 1961, he testified as follows:
“Q. Well, you recall one question was what was your adjusted gross income? And on the 27th day of September you answered that for the years ’59 and ’60 your adjusted gross income was $88,752.83? Do you recall that figure?
“A. Yes.
“Q. Now, does that figure include' your non-taxable income ?
“A. I don’t know.
“Q. And you have no idea of what that non-taxable income is?
“A. Yes, sir, I do.
“Q. Give us approximately what it is?
“A. Oh, $5,000.00. I presume you’re talking about the bonds that were left to me by my grandmother’s estate.”
A good deal of testimony was given as to the value of various properties owned by Mr. French, but it would be rather hard to determine what would be his net worth and this was not, as we have heretofore stated, an issue involved in this case.
We cannot say from the record before us that the trial judge abused his discretion in his awards of alimony and other sums for the living expenses of the family.
This case was tried in Fort Myers. A Coral Gables law firm represented Mrs. French. Mr. French, in addition to a Fort Myers attorney, had a Miami attorney representing him. As we have before mentioned, Mrs. French’s attorney was allowed $1,000 temporary attorney’s fee, $1,000 for expenses, etc., and $4,000 for attorney’s fees to final hearing.
One Fort Myers attorney testified for the plaintiff that, from an examination of the file in the case, a conference with the attorney and from the amount of labor and skill involved, he would consider $12,000 as a reasonable attorney’s fee. Another Fort Myers attorney testified that he considered $15,000 a reasonable fee.
Another Fort Myers attorney testified for the defendant that $1,500 would be a reasonable fee for the plaintiff’s attorney.
*586 The appellant contends that this divorce case is a very ordinary run of the mill case.
We conclude from the evidence that this case was anything but routine. Considering the financial ability of the plaintiff, the work involved, 'the type of testimony given, and the testimony of the plaintiff’s two witnesses, the amount allowed the attorneys for the plaintiff was not unreasonable, and was well within the discretion of the trial judge.
Affirmed.
SHANNON, C. J., and SMITH, J., concur.