245 So.2d 258 (1971)
Dores R. FISHMAN, Appellant,
v.
Jack FISHMAN, Appellee.
No. 70-425.
District Court of Appeal of Florida, Third District.
February 2, 1971.
Rehearing Denied March 24, 1971.
Cohen & Hogan, and Alan E. Weinstein, Miami Beach, for appellant.
Shutts & Bowen, Miami, for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
Appellant Dores Fishman was the plaintiff below; she sought a divorce from her husband Jack Fishman, defendant below and appellee here. The trial court, inter alia, granted the wife a divorce and awarded her $48,000.00 as lump sum alimony, payable in monthly installments of $800.00. See § 61.08, Fla. Stat., F.S.A.
Appellant wife claims that error was committed as to the amount and nature of the alimony award and in the refusal of the court to rule on a certain debt allegedly owing from the husband to the wife. We find no abuse of discretion as to the amount of the award, and affirm the order as entered; we find no merit in the second point.
As to her first point, we do not detail all the testimony presented, as it was conflicting as to the needs of the wife, her independent assets and income, and the husband's ability to pay. While certain facts were uncontested, nevertheless the inferences to be drawn therefrom and the financial impact upon the parties of such uncontested facts were disputed.
The question of whether alimony shall be awarded, and, if so, how much shall be awarded rest within the sound judicial discretion of the chancellor, and his determination will not be disturbed in the absence of a clear abuse of discretion. The decision of the chancellor comes to this court with a presumption of correctness, and the appellant's burden is to establish that the decree was clearly erroneous. French v. French, Fla.App. 1962, 146 So.2d 584, 585; Beaty v. Beaty, Fla.App. 1965, 177 So.2d 54, 57. The allowance of alimony was within the sound judicial discretion of the chancellor, and his rulings on the matter are supported by the evidence. The burden on the appellant to show an abuse of discretion in that matter was not met. French v. French, Fla.App. 1962, 146 So.2d 584, 585; Tomaino v. Martz, Fla.App. 1965, 170 So.2d 468, 469; Ortiz v. Ortiz, Fla. App. 1968, 211 So.2d 243; and Frischkorn v. Frischkorn, Fla.App. 1969, 223 So.2d 380. See generally § 61.14, Fla. Stat., F.S.A.
*259 Accordingly, the portion of the decree establishing the lump sum alimony in the amount of $48,000.00 is affirmed.
Affirmed.

ON REHEARING
Appellant has petitioned for a rehearing seeking to have the court amend its opinion so as to reserve to the chancellor the right, upon a showing under Section 65.16, Fla. Stat., F.S.A., to modify the alimony awarded to the wife by providing for periodic payments in the future, if necessary.
We have carefully considered appellant's petition in the light of the record showing the short duration of the marriage, the independent assets of the wife and the husband's ability to pay, and have concluded that the petition should be denied. The award of lump sum alimony and the refusal to retain jurisdiction to modify it upon a change in circumstances was within the sound judicial discretion of the chancellor and no abuse of such discretion appears.
Accordingly the petition for re-hearing is denied.