PER CURIAM.
By these two appeals, both parties to a divorce suit are unhappy. We have considered the several points raised by counsel for the respective parties and find no merit in the points relative to the division of the stock account held in the names of both parties and the stock issued in the names of both parties [Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Wilburn v. Wilburn, Fla.App.1962, 143 So.2d 518]; in the amount awarded as attorney’s fees [French v. French, Fla.App.1962, 146 So.2d 585; Posner v. Posner, Fla.App.1970, 237 So.2d 186]; in the awarding of costs [Mouyois v. Mouyois, Fla.App.1957, 97 So.2d 718; Helsel v. Helsel, Fla.App.1962, 138 So.2d 99; Coggan v. Coggan, Fla.App.1966, 183 So.2d 839]; nor in holding the wife liable for one-half of the income tax as the result of a sale of stock for which she received one-half of the proceeds.
The marital home was held by an estate by the entireties. The trial court refused to award the husband’s one-half interest in this property to the wife as lump sum alimony, and we find no error in this ruling. The trial court did permit the wife to use the premises for a time certain, at the conclusion of which the property was to be sold.
*728 Both parties have complained about the award of alimony and support for the minor children. The wife says it is inadequate; the husband says it is excessive. But, both parties do agree that the trial judge should have awarded a sum certain to the wife in lieu of directing that the husband make a multitude of payments in the nature of alimony and/or support, such as mortgage payments, taxes, home maintenance, gas expense, camp expense, medical expense, religious expense, automobile replacement, utility bills, etc.
Examining the record and the final judgment in relation to these items of alimony and support, we believe that the amount the chancellor intended to award in gross was a reasonable amount. However we think, for the benefit of both parties for tax purposes and also, obviously, to conserve the time of court and counsel in the future, that the payments awarded to the wife as alimony should be spelled out in a fixed amount and the payment to be awarded to the wife for support of each minor child should be spelled out in a fixed amount and that, upon the receipt of same, the wife should be required to maintain herself and the children and contribute her one-half to the upkeep and maintenance of the former marital home which becomes theirs as tenants in common.
Therefore, for the reasons above stated, the final judgment of divorce is affirmed in all respects,[1] save and except as to the awards in the nature of alimony and support. And, this cause is returned to the trial court with directions to enter an award dividing the gross amount that the husband is required to pay on a periodic basis as to alimony and support for the minor children.
Affirmed in part; reversed in part, with directions.

. This includes the right of the wife to occupy the marital home and to use the personal property therein for the limited time set forth in the final judgment of divorce, without being forced into a partition suit, after which limited period the real and personal property will be subject to an action of partition by either of the tenants in common.