HOWELL, CHARLES COOK, Jr., Associate Judge.
We here commend a chancellor’s judgment upholding the validity of a municipal rezoning ordinance.
Respectfully plagiarizing somewhat from, and fully adopting the modus oper-andi of, the opinion of the Supreme Court of Florida in Jackson et al. v. Consolidated Government of the City of Jacksonville, Fla.1969, 225 So.2d 497, 499, we explain at the outset that “the case was heard by the Circuit Court of the (Eleventh) * Judicial Circuit of Florida. In a well considered opinion authored by the Honorable (Harold R. Vann), each ground of the attack made by plaintiffs was discussed and disposed of, clearly and succinctly, under (abundant authority contained in the briefs) and with flawless logic. Instead of re-stating the findings and conclusions as set forth in Judge (Vann’s) opinion, we will give it the recognition it deserves by quoting from it at length, with approval.”
That opinion reads:
“This action for declaratory judgment and injunction brought by Robert H. Des- *63 champs and wife (plaintiff, Michael H. Kramer, withdrew his claim) against the City of Coral Gables and Dr. John T. MacDonald Foundation (the owner and operator of Doctors’ Hospital) attacks the validity of Ordinance No. 1914 of the City of Coral Gables, which amended the City Zoning Code by rezoning the subject property from University Use to Hospital Use only, to permit the renovation and expansion of the existing Doctors’ Hospital on the present site and the subject property, in accordance with submitted plans and final plans to be approved by the City Planning Board. Plaintiffs claim that Ordinance No. 1914 is illegal and invalid upon various grounds alleged in their complaint. Plaintiffs have standing to maintain this action.
“The subject property consists of 1.90 acres of land, described as a portion of Tract A of the University of Miami Main Campus, located immediately adjacent and contiguous to the site of the present Doctors’ Hospital. It was utilized by the University of Miami as part of the University’s parking facilities. Dr. John T. MacDonald Foundation purchased the subject property from the University of Miami, and the Foundation is the fee owner and record title holder thereof, subject to condition or covenant set forth in the deed to the effect that, unless construction of the planned renovation and expansion of Doctors’ Hospital is commenced on or before January 4, 1972, the University shall have the right to repurchase the property.
“Plaintiffs are the owners of residential property within the vicinity of the subject property. Plaintiffs’ property is known as 5110 Granada Boulevard. Doctors’ Hospital is located to the rear of plaintiffs’ property, at a distance of between 300 and 350 feet. The two properties are separated by a strand of Australian pines, the waterway, a municipal parking lot, University Drive, and the setback of the Hospital from the street. Plaintiffs purchased their property on June 23, 1961. At that time, the present hospital facilities were in existence. Doctors’ Hospital has been operated on the present site of approximately four acres continuously for more than twenty-two years.
“Dr. John T. MacDonald Foundation, after acquiring title to the subject property from the' University of Miami, duly filed application for rezoning the property from University Use to Hospital Use only, to permit the renovation and expansion of Doctors’ Hospital in accordance with the plans submitted. No variances, special uses, or exceptions of the Zoning Code were applied for; only rezoning of the subject property was sought. The proposed improvements are limited to three stories, in compliance with the requirements of the Zoning Code. The evidence shows that, under the uses permitted under the zoning classification of University Use, the rezoning of the subject property to Hospital Use only constituted an upgrading of the use of the subject property. The present zoning is more restrictive, and less liberal, than the former zoning of the property.
“Ordinance No. 1914, rezoning the subject property from University Use to Hospital Use only, was enacted by the City Commission upon unanimous recommendation of the City Planning Board, and recommendation of the Planning Director, after public hearings held pursuant to notice, at which hearings plaintiffs presented their objections through their counsel herein.
“When plaintiffs purchased their property at 5110 Granada Boulevard on June 23, 1961, the subject property was then, and had been for more than twenty-three years, zoned for University Use, without restriction upon the utilization thereof for any purpose connected with the operation of the University. Plaintiffs failed to present credible proof of their claim that the subject property was limited to residential use by deed restrictions.
“Plaintiffs assert they purchased their property in reliance upon the zoning of the *64 subject property existing on June 23, 1961, and that in the absence of a substantial change of physical and economic conditions in the surrounding area, the change in zoning of the subject property is unlawful and invalid. This contention is not supported by the evidence.
“Plaintiffs failed to present credible proof of their assertion that the change in zoning of the subject property will materially depreciate the economic value and materially diminish the use and enjoyment of their property. Plaintiff, Robert H. Deschamps, testified that the proposed use of the subject property would impair the view from the rear of his property. This is difficult to reconcile with the physical characteristics of the properties established by the aerial photographs introduced in evidence by plaintiffs.
“Plaintiffs assert that the rezoning of the subject property will materially change the character of the neighborhood by creating additional noise, additional vehicular traffic and noxious fumes in an area already overburdened with traffic. The preponderance of the evidence fails to sustain this assertion.
“The allegation that Ordinance No. 1914 constitutes ‘spot zoning’, by paving the way for the development of a major hospital complex in an area totally unsuited for such use, is not supported by the record in this case.
“A previous zoning ordinance involving the use of the subject property for a seven-story addition to Doctors’ Hospital was declared invalid by this Court in an action brought by plaintiffs, and affirmed by the decision in City of Coral Gables v. Robert H. Deschamps, Fla.App.1971, 242 So.2d 210. The instant zoning application made by Dr. John T. MacDonald Foundation, and Ordinance No. 1914 granting the application, presents a materially different factual situation as hereinabove set forth.
“Plaintiffs assert that neither the Charter nor the Zoning Code of the City of Coral Gables provide (sic) proper standards, rules or guides for the enactment of any ordinance amending the Zoning Code to change the zoning of a single parcel of property. Since the decision in the prior action, the City of Coral Gables revised the Zoning Code by amendatory ordinances (particularly Ordinance No. 1884, amended to provide for an effective date of February 1, 1971), which prescribe definite and adequate standards, conditions, guides and procedures governing changes in the comprehensive land use plan. The Court finds and determines that the City of Coral Gables Zoning Code, at the time of filing the application herein involved on February 19, 1971, set forth adequate standards, guidelines, and procedures for accomplishing changes in zoning, and that the same were duly complied with in the enactment of Ordinance No. 1914.
ijc % íjí ‡ %
“Plaintiffs claim invalidity of Ordinance No. 1914 based upon alleged improper motives of members of the City Commission, and alleged violations of the ‘Sunshine Law.’ Plaintiffs’ assertion that the City Commission, or certain members thereof, acted improperly or illegally in a series of activities involving the rezoning of another parcel of land for the benefit of the University of Miami, which plaintiffs claim resulted in the rezoning of the subject property, has not been supported by any credible proof, even if it is considered relevant to the merits of the instant case. The motives of the governing body of a municipal corporation in adopting an ordinance legislative in character, will not be the subject of judicial inquiry. Moreover, it appears that the composition or membership of the City Commission that enacted Ordinance No. 1914 had changed and was different from the legislative body which plaintiffs charged with impropriety, illegal activities, or bad motives.
“Although the materiality of the alleged violations of the ‘Sunshine Law’ is questionable, all the evidence, including proffers of proof, wholly fails to reveal any *65 substance to plaintiffs’ allegations relating to violations of the ‘Sunshine Law.’
“Plaintiffs further claim that the Commission of the City of Coral Gables is not lawfully constituted, in that the election results were not certified as required by the City Charter. The evidence fails to sustain this claim.
“The questions raised and assertions made on behalf of plaintiffs at the trial, not hereinabove specifically discussed and ruled upon, have been duly considered and found to be without merit.
“Plaintiffs have failed to establish the invalidity of Ordinance No. 1914 on a factual basis or as a matter of law. On the evidence presented, Ordinance No. 1914 constitutes a lawful exercise of the legislative power and authority vested in the Commission of the City of Coral Gables, and the rezoning of the subject property from University Use to Hospital Use only was accomplished in accordance with the controlling provisions of the Zoning Code of the City of Coral Gables, as amended and effective on the date of filing the application involved in this cause.”
The plaintiffs’ case was accordingly dismissed with prejudice and final judgment entered for defendants.
They appealed.
Of course “the decision of the chancellor comes to this court with a presumption of correctness, and the appellant’s burden is to establish that the decree was clearly erroneous.” Fishman v. Fishman, Fla.App. 3, 1971, 245 So.2d 258.
Even the skillfully conceived and forcefully presented written and oral arguments of the appellants in the case sub judice have not, in our carefully considered view of them and the record, persuaded us “that the decree” they challenge “was clearly erroneous.”
Therefore it is
Affirmed.

 Parentheses supplied.