PER CURIAM.
This is the third appearance of these parties in this court upon matters pertaining to a judgment of divorce entered between them. See 259 So.2d 727 and 280 So.2d 491. The appellant is the former wife and she contends upon this appeal that the trial court has failed to follow the mandate and directions of this court as *665 contained in the opinion of the court reported at 280 So.2d 491. The order appealed provides in its pertinent portion for a rather complicated system of payments and setoffs.[1]
Appellant has presented nine points on appeal, each of which presents a charge against the appellee husband which appellant urges was included in the original final judgment as an item to be paid by the appellee but which appellant says the trial court subsequently in determining the amount of alimony and charges failed to adequately include in the award. Our review of the record convinces us that the trial judge has made an honest effort to follow our directions and that he has arrived at an amount of alimony and an amount of child support which is within the range of his discretion considering the needs of the appellant and the ability of the appellee to pay. We therefore conclude that except in two particulars hereafter set forth the order on mandate must be affirmed.
The final judgment entered May 6, 1971, left the parties as tenants in common of the marital home but provided that the wife and children had the right to occupy the home until the eldest child should reach 21 years of age. This provision was expressly affirmed on appeal in Landsberg v. Landsberg, Fla.App.1972, 259 So.2d 727, 728, the text of the case providing as follows :
"... upon the receipt of same, [the alimony and support payments] the wife should be required to maintain herself and the children and contribute her one-half to the upkeep and maintenance of the former marital home which becomes theirs as tenants in common.”
The order on mandate which is now appealed carries out this portion of the mandate but fails to provide for the regular payment to the wife of the husband’s one half of the mortgage payments, real estate taxes, insurance, repairs and maintenance. Since the wife is occupying the home it is to her interest to see that the payments are made and in order to do so she must know each month what will be paid to her. Therefore, the trial judge is directed to amend his order on mandate by providing for a payment to the wife each month of an amount which he finds will equal the husband’s responsibility for the residence. In addition, the gratuitous statement in the order providing for a credit to the husband *666 upon the partition of the property at a future time is stricken from the order.
The second departure that the trial judge made from our mandate was in his failure to award to the wife the arrearages accrued under the final judgment. The final judgment was entered May 6, 1971; since that time the wife has been entitled to the payments of alimony and child support in the amounts set by the order appealed. In addition she has been entitled, if she has made the payments, to be paid one half of the amounts that she has expended for mortgage payments, real estate taxes, insurance, repairs and maintenance. We are unable to determine, from this record, the credits that the husband is entitled to upon these payments. We direct therefore that the trial judge determine the amounts due for these items, and direct their payment in such a manner as he shall find proper.
We hold that the trial judge has by the order appealed settled all other claims by the wife against the husband except the item of life insurance for the minor children which appears as an obligation of the husband in the final judgment. The supplemental order on mandate issued by the trial court pursuant to this opinion should provide for this obligation and the enforcement of the provision from the date of the final judgment.
We are constrained to observe that one of the reasons for the difficulties that have arisen in this litigation is the fact that the final judgment entered in 1971 was not definite as to the amounts to be paid. The courts should endeavor to set forth exact amounts to be paid by one party to the other. A general statement as to obligations is not conducive to an end of litigation. This is especially true in the determination of financial obligations and property rights in the dissolution of a marriage.
The order on mandate is affirmed in part and reversed in part and the cause is remanded for such further order or orders as may be necessary to carry out the matters set forth herein.
It is so ordered.

. * * * * *
“5. That the parties hereto are to each pay and contribute their one-half share of all future mortgage payments, real estate taxes, homeowners insurance, home repairs, and upkeep and maintenance of the real property and contents therein located at 460 Sunset Drive, Coral Gables, Florida, owned by the parties as tenants in common. The Husband has already paid the 1973 real estate taxes and he has pre-paid the home insurance. The Wife is required to contribute her one-half share of the taxes for the month of December and her one-half of the home insurance on a pro-rated basis for December, January and February of 1974. When the Wife receives her December, 1973, alimony payment, she is to remit to the Husband the sum of $80.24 representing her one month’s contribution to the 197 real estate taxes of $1,925.72. When the Wife receives the payments of alimony for December, 1973, January and February of 1974, she is to remit to her former Husband the total sum of $37.26 representing her one-half of the homeowners insurance prepaid by Dr. Landsberg up to March 8, 1974. As tenants in common since the divorce in March, 1970, each of the parties had the burden of discharging one-half of the obligations thereof. The Husband was under no duty to assume and pay the Wife’s half of the charges against the property for items such as the mortgage, taxes, insurance, repairs, upkeep and maintenance. This court has not been directed by the appellate court to order the Wife to re-imburse the Husband for one-half of the charges he has paid since March, 1970, but for the period from March 4, 1970, to November 30, 1973, the Husband may be entitled to credit for the portion thereof allocable to the Wife’s interst to be determined and allowed by the appropriate court upon partition of the property. See Johnson v. Johnson, (1965) Fla.App., 179 So.2d [112]; Lyons v. Lyons, (1968) Fla.App.3rd, 208 So.2d 137 at 139.”
% * * * #