LEILA E. LEONARD v. MARY D. CAMPBELL, as Administratrix of the Estate of George B. Dandy, Deceased.

189 So. 839
Division A
Opinion Filed June 2, 1939
Rehearing Denied July 1, 1939

*Baya & Baya,* for Appellant;

*Cody Fowler* and *William A. Gillen,* for Appellee.

THOMAS, J.—The chancellor decided, and we think properly, that the sole question before him was the right to monies on deposit in a bank, designated as custodian, agreeable to a stipulation signed by counsel for the respective parties. The appellant claimed the funds by virtue of an alleged gift *causa mortis* from George B. Dandy, now deceased, and appellee sought the monies in her capacity as administratrix of the Dandy's estate.

During his lifetime deceased made deposits in two savings banks in New York and at the time of his death the total amount was eighty-five hundred dollars. The stipulation

to which we have alluded provided that the credits be transferred to a bank within the jurisdiction of the court to be held intact pending termniation of the controversy.

It is appellant's contention that George B. Dandy, who had lived in her rooming house for many years and whom she had shown much care and attention while he was in the throes of a lingering illness, presented her the bank accounts by the process of delivering to her the pass book and pronouncing to her and to others that at his death she should inherit the funds they represented. The appellee is shown to have been practically estranged from the deceased, her brother, and to have exhibited no interest whatever in his welfare. At his death she sprang into action. She was at once cautious and inquisitive. In a telegram with reference to funeral arrangements sent by her representative, in response to a death notice dispatched to her, she disavowed any liability for costs and insisted upon the "cheapest possible" service, but inquired after the size of the estate and requested that this information be sent "as soon as possible." She did not attend the funeral service. Between the two there was excellent reason for intestate to have favored appellant over appellee, but regardless of sentiment the outcome of this litigation must depend on the transaction between deceased and appellant which she claims contained all the essentials of a gift *causa mortis*.

It is said that to constitute such a gift there must be an intention to give, a delivery so that the donor loses dominion over the gift and donee retains possession until donor's death, and a contemplation of death from present illness or impending danger. 12 R. C. L. 957, *et seq.* It is revocable at the will of the donor; by his survival of the danger; by his outliving the donee; or by deficiency of assets to pay debts of a deceased donor. In this feature of defeasibility it is distinguishable from a gift *inter vivos*.

There is evidence that deceased intended appellant to inherit at his death the monies in the savings accounts. He was reported to have said upon different occasions over a period of several years: "She knows she will be well taken care of when I am gone;" "I've given it to her time and time again;" "She will have it all after I'm gone," and other like expressions, but these declarations do not meet the requirement that there be an actual delivery and loss of dominion.

"The point, which is made clear by this review of the decisions on the subject, as to the nature and effect of a delivery of a chose in action, is, as we think that the instrument or document must be the evidence of a subsisting obligation and be delivered to the donee, so as to vest him with an equitable title to the fund it represents, and to divest the donor of all present control and dominion over it, absolutely and irrevocably, in case of a gift *inter vivos,* but upon the recognized conditions subsequent, in case of a gift *mortis causa;* and that a delivery which does not confer upon the donee the present right to reduce the fund into possession by enforcing the obligation, according to its terms, will not suffice. A delivery, in terms, which confers upon the donee power to control the fund only after the death of the donor, when by the instrument itself it is presently payable, is testamentary in character, and not good as a gift. Further illustrations and applications of the principle may be found in the following cases: Basket v. Hassell, 107 U. S. 602, 2 Sup. Co. Rep. 415, 27 L. Ed. 500, text 504."

Although it was shown by the testimony that the appellant at times had the actual possession of the bank pass book, the accounts were carried in the name of George B. Dandy, Junior, and withdrawals were recorded in them as late as October, 1936.

"A gift of this character must be made in contemplation of the near approach of death from danger then impending, to take effect absolutely upon the death of the donor. There must be delivery to the donee, actual or constructive, of the thing given, or the means of getting possession and enjoyment of it. 'It is the fact of delivery that converts the unexecuted purpose into an executed and complete gift.'" Szabo v. Speakman, 73 Fla. 374, 74 South. Rep. 411, L. R. A. 1917D 357.

Passing to impending death of the donor, which is an essential element in such a gift, again we find the proof deficient. He had for many years suffered as a consequence of adhesions resulting from an operation, but in such condition he was not facing or even anticipating a speedy death. One witness related a conversation with intestate at the supper table two days before his death when he indicated an intention to spend a thousand dollars renting a place for appellant. Evidently he then considered the money under his control. The relative dates of this incident and his expressed desire with reference to inheritance by appellant as early as the year 1933 fail utterly to convince us that deceased delivered his money to appellant believing his death imminent.

In view of this conclusion, it seems useless to pass upon the other matters presented in the briefs.

Our order is that the decree awarding to appellee the monies on deposit with the custodian be affirmed.

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4678, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.