EMMA CROSSMAN, as Administratrix of the Estate of John Novak, otherwise known as John Novark, deceased, v. ALICE NAPHTALI and DADE FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI.

33 So. (2nd) 726
February 13, 1948
Rehearing denied February 27, 1948

January Term, 1948
Division B

*Blackwell, Walker & Gray,* for appellant.
*Williams, Salomon & Katz,* for appellee.

BUFORD, J.:

Appellees instituted suit seeking to have determined the right of ownership of a certain deposit in Dade Federal Savings and Loan Association which was evidenced by a certifi-

cate of membership together with the duly executed application for membership made by John Novak, now deceased, and Alice Naphtali.

The application for membership was as follows:

"Joint Account.                                        Account No. 8297.

| (1) | Novark | John | |
| | (Surname) | (First Name) | (Middle Name) |
| (2) | Naphtali | Alice | |

"The undersigned hereby apply for a membership and for a Savings Share Account in the DADE FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI and for the issuance of evidence of membership in the approved form and in the joint names of the undersigned as joint tenants with the right of survivorship and not as tenants in common.   Receipt is hereby acknowledged of a copy of the charter and by laws of said association.   Specimens of the signatures of the undersigned are shown below and the association is hereby authorized to act without further inquiry in accordance with writings bearing any such signature; it being understood and agreed that anyone of the undersigned who shall first act shall have power to act in all matters related to the membership and may share account in said association held by the undersigned, whether the other person or persons named in the certificate be living or not.   The repurchase or redemption value of any such share account or other rights relating thereto may be paid or delivered in whole or in part to anyone of the undersigned who shall first act, and such payment or delivery of a receipt or acquitance signed by any one of the undersigned shall be a valid and sufficient release and discharge of said association.

"Signature (1) John Novark (2) Alice Naphtali
  Street Address 251 N.E. 2nd St.   251 N.E. 2nd St.
  City and State Miami, Florida      Miami, Florida
  Telephone ............... Occupation ........................
  Dated Nov. 3, 1941 Introduced by ........................

*The certificate issued pursuant to this application for membership of joint holders must be filled out by inserting in the first blank space the names of the joint holders; for example:

John Doe and Richard Doe, immediately followed by the words: as joint tenants with the right of survivorship and not as tenants in common. Joint tenants with the right of survivorship constitute one member as a partnership constitutes one member."

The certificate of membership was as follows:

"DADE FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI, MIAMI, FLORIDA

"Certificate No. 8297

                "SAVINGS SHARE ACCOUNT

"This certifies that John Novark and/or Alice Naphtali is a member of Dade Federal Savings and Loan Association of Miami and holds a Savings Share Account of said Association, subject to its character and by laws and to the laws of the United States of America.

"Witness the authorized signature of officer or employee this 29 day of October 1941..

"DADE FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI

                                Carolyn Schaefer
                                Authorized signature."

The application for membership and the certificate of membership must be read and construed together as constituting the contract between the parties.

When so read the contract under which the moneys were deposited provided for "a Savings Share Account in the Dade Federal Savings and Loan Association of Miami and for the issuance of evidence of membership in the approved form in the joint names of the undersigned as joint tenants with the right of survivorship and not as tenants in common."

We think this language is insufficient to create a gift in presenti or a gift inter vivos because John Novak never surrendered dominion over the certificate or over the deposits made pursuant to the certificate. The language was also insufficient to create an estate and ownership of the entire deposit in the survivor after the death of one of the depositors.

The court below decreed:

"4. The deposit in the Dade Federal Savings and Loan Association of Miami, defendant herein, being share savings account No. 8297, which was opened on or about October 29, 1941, by John Novark and converted on or about November 2, 1941, into a joint account with Alice Naphtali, is decreed to be the absolute and sole property of the plaintiff, Alice Naphtali, and the defendant Dade Federal Savings and Loan Association of Miami is directed to pay the present balance reflected by this account to the said Alice Naphtali, or to her order, less, however, $250.00 of the same to be paid to H. H. Taylor, as Special Master, as herein ordered."

Appellant appealed.

The decree should be reversed on authority of Webster v. St. Petersburg Federal Savings and Loan Association, 155 Fla. 412, 20 So. (2nd) 400 and cases there cited.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., cooncur.