I am of the opinion that the decree appealed from should be reversed under the principles of law enunciated in Webster v. St. Petersburg Federal Savings Loan Association, 155 Fla. 412, 20 So.2d 400, and Crossman v. Naphtali, Fla., 33 So.2d 726. As is held in the cited cases, to effect a gift inter vivos the legal title to the thing given must pass from the donor to the donee. For an alleged donee to be entitled to a thing in controversy on the theory of a gift, he must show an intention on the part of the alleged donor to relinquish the title of the subject matter of the gift to the donee absolutely, coupled with a present delivery to the donee and surrender of control and dominion over the subject matter by the donor.
I fail to find from the record that the decedent ever surrendered dominion and control over the subject matter of the litigation or intended that present title should pass to the donee. Although the note, mortgage and assignment of the mortgage were kept, after the execution of the assignment, in a safety deposit box rented by the decedent but to which both the decedent and the appellee had access, and in which the latter kept some of her personal papers, the evidence is uncontroverted that up until the death of the decedent the assignment was withheld from public record, at the direction of the decedent; the fire insurance policy covering the mortgaged premises continued to carry a mortgagee loss clause payable to the decedent; the mortgagor, F.M. Ford, was never given any notice of the supposed gift of the mortgage to the appellee and so continued sending checks for semi-annual interest payments on the mortgage to the decedent; and the decedent endorsed the checks in blank, received the money thereon and spent it for his own personal necessities and the upkeep of the house in which the appellee was living as housekeeper. With respect to these interest payments, the appellee, herself, testified that the decedent told her, "If anything happens to me you write to Mr. Ford right away and tell him to send the interest to you next time."
This testimony concerning the use that was made of the interest money during the lifetime of the decedent plainly indicates an intention on the part of the decedent to retain the beneficial interest in the mortgage in himself until his death, and, when considered with all the other circumstances of the case, clearly shows that a present gift of the mortgage to the appellee was never in fact intended or effected.
THOMAS, C.J., and CHAPMAN, J., concur.