Frank M. Crabtree, individually and as executor of Laura Mae Crabtree, brought suit for declaratory decree against the Barnett National Bank of Jacksonville and Doris B. Garcia to determine the lawful owner of a joint savings account held by the bank. Doris B. Garcia answered the bill alleging a joint tenancy under Section 689.15, F.S.A., and that on the death of Laura Mae Crabtree she became the owner of the joint account by right of survivorship. On final hearing the chancellor held that the joint account was the property of Doris B. Garcia, the surviving codepositor. This appeal is from the final decree.
The point for determination is whether or not the surviving depositor of a joint savings account is, under the theory of contract and the provisions of Section 689.15, F.S.A., entitled to the proceeds of the joint account by right of survivorship.
Laura Mae Crabtree was the wife of Frank M. Crabtree and Doris B. Garcia was the daughter of Laura Mae Crabtree by a former marriage. Frank M. Crabtree claims ownership of the joint account as the sole beneficiary under the will of his deceased wife. Doris B. Garcia claims ownership of the joint account by right of survivorship as provided by Section 689.15, F.S.A. The joint savings account was opened February 21, 1944 by Laura Mae Crabtree and Doris B. Garcia.
Section 689.15, F.S.A., abolished the common-law right of survivorship in this State "except in cases of estates by entirety, a devise, transfer or conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of survivorship; and in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common." *Page 467 
So the real point at issue is whether or not Doris B. Garcia brings herself within the exception to Section 689.15, F.S.A., just quoted. In other words, does the deposit agreement, the savings book and the bank ledger, the instruments creating the estate in question, "expressly provide for the right of survivorship". The deposit agreement is as follows:
"Joint Account "Account No. A9972
"To the Barnett National Bank of Jacksonville, Florida:
"You are hereby authorized to receive for deposit and credit to the above-styled savings account and all deposits made in the names of either or both of the undersigned, and payment upon the check or receipt of either or the survivor shall discharge you from liability. Each of the undersigned appoints the other as attorney in fact with power to deposit in the above-styled account funds of the other or both of the undersigned, and for that purpose to indorse any check, draft, or other instrument payable to the other or both of the undersigned. The undersigned hereby agree to your rules and regulations governing savings accounts as set forth in the pass book furnished upon the opening of this account, and to such other rules and regulations as you may prescribe. Payable to either or the survivor.
"Signature Laura M. Crabtree 
"Signature Doris B. Garcia 
"Address 45 South Hogan Street 
"Date Feb. 21, 1944" 
The record shows that the depository agreement so quoted, the savings bank book and the bank ledger, each contain the language, "payable to either or the survivor," stamped thereon by the bank. The testimony further shows that Mrs. Crabtree and her daughter intended to establish a joint account of survivorship in the manner provided by Section 689.15, F.S.A., which was considered by this Court in Cerny v. Cerny, 152 Fla. 333, 11 So.2d 777; Kozacik v. Kozacik, 157 Fla. 597, 26 So.2d 659; and Crossman v. Naphtali, 160 Fla. 148, 33 So.2d 726. See also Lynch v. Murray, 5 Cir., 139 F.2d 649 and a very enlightening discussion of the latter case in University of Florida Law Review, Vol. 1, No. 3, page 462.
Appellant contends that the joint account was controlled solely by the pass book, that Doris B. Garcia at no time had possession of the pass book except for a short period when her mother was in the hospital for an operation, that when her mother recovered she took possession of it and held it continually to the day of her death. It is also contended that if Mrs. Crabtree intended Doris B. Garcia to have the joint account at her death it could be accomplished only by testamentary devise as pointed out in Leonard v. Campbell, 138 Fla. 405, 189 So. 839. This was not done so it is contended that the elements of a joint tenancy never came into existence.
We think, however, that the depository agreement, the savings bank book and the ledger sheet established a contract whereby the survivor, Doris B. Garcia, is entitled to ownership of the joint account on the death of her mother. It also shows that it was the intention of the parties to create a survivorship in the manner provided by Section 689.15, F.S.A. This was the theory on which the chancellor held that the right of survivorship existed as to the joint account.
It is accordingly our view that the deposit agreement, the savings bank book and the bank ledger fixed the right of survivorship in the surviving joint owner so the decree appealed from is affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur. *Page 468