PEARSON, Judge.
The plaintiff filed a complaint for a declaratory decree seeking a determination of the rights and interests of- the parties in and to a certain promissory note and the proceeds payable thereunder. A motion to dismiss the amended complaint was filed by the defendant. Plaintiff appeals the order of the lower court which dismissed with prejudice the amended complaint for failure to state a cause of action. We hold that taking the allegations of the complaint as true, which is proper upon a motion to dismiss for failure to state a cause of action, the complaint was sufficient.
The plaintiff claimed a gift to her by her deceased grandfather of a note or the proceeds therefrom. The note was secured by a mortgage and was payable to the grandfather by Hague Realty Co.
On June 11, 1961, plaintiff, who was a resident of Rumania, came to this Country at the request of her grandfather. It is *100 alleged that she came to the United States to reside with him pursuant to an agreement that if she came to this Country to care for him, he would sponsor her as an immigrant and would compensate her for her services and provide for her maintenance for the rest of her life. It is also alleged that the grandfather promised to make her his sole heir. The grandfather died intestate on June 23, 1964.
On June 30, 1961, the grandfather sold a parcel of real estate to Hague Realty and took back a promissory note and mortgage in the sum of $27,000 payable on or before June 30, 1966. After plaintiff came to this Country and had been living with her grandfather for sometime, the grandfather delivered the promissory note in question to plaintiff as a gift. He did not endorse the note nor did he make an assignment of the mortgage. However, at the same time, he took a blank check and signed it after it had been filled in showing at the top that it was a gift and directing the payment to the plaintiff of $27,000 “from Hague Realty Co.” This document was delivered to the plaintiff with the promissory note.
The complaint filed pursuant to Chapter 87 Fla.Stat., F.S.A. sought a declaration of appellant’s rights under the facts stated. Section 87.01, Fla.Stat., F.S.A., provides that the circuit courts are vested with jurisdiction to declare rights, status or other equitable or legal relations for the purpose of determining the existence of any immunity, power, privilege or right; or any fact upon which the existence or non-existence of such immunity, power, privilege or right does or may depend. Beagle v. Bagwell, Fla.App. 1964, 169 So.2d 43. We think the complaint sufficiently alleges that the appellant is in doubt of her rights under the facts as she has stated them so as to be entitled to a declaratory decree. The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. Rosenhouse v. 1950 Spring Term Grand Jury, Fla.1952, 56 So.2d 445; Johnson v. Thoburn, Fla.App. 1964, 160 So.2d 729; Tulip Realty Co. of Florida v. Fuhrer, Fla.App.1963, 155 So.2d 637. When the adequacy of the complaint is sustained, the foundation is laid for the case to be heard upon its merits. The complaint in this case alleged adequate grounds for the granting of a declaratory decree. Therefore the dismissal for failure to state a cause of action was improper.
Appellees cite several Florida cases holding that an inter vivos gift under circumstances similar to those alleged in this complaint must be clearly established by strong and convincing evidence. These cases are not in point on this appeal since we are dealing simply with the question of whether the complaint states a cause of action.
We refer specifically to Leonard v. Campbell, 1939, 138 Fla. 405, 189 So. 839, upon which the appellant relies most strongly. In that case the Supreme Court held the proof of a similar gift to be insufficient and in so holding, summarized the law as follows:
“The point, which is made clear by this review of the decisions on the subject, as to the nature and effect of a delivery of a chose in action, is, as we think, that the instrument or document must be the evidence of a subsisting obligation and be delivered to the donee, so as to vest him with an equitable title to the fund it represents, and to divest the donor of all present control and dominion over it, absolutely and irrevocably, in case of a gift inter vivos, but upon the recognized conditions subsequent, in case of a gift mortis causa; and that a delivery which does not confer upon the donee the present right to reduce the fund into possession by enforcing the obligation, according to its terms, will not suffice. A delivery, in terms, which confers upon the donee power to control the fund only after the death of the donor, when by *101 the instrument itself it is presently payable, is testamentary in character, and not good as a gift.”
We do not think that the statement of the law as therein contained precludes recovery as a matter of law under the allegations of this complaint. Therefore, since we have determined that the complaint meets the requirements of the Declaratory Judgments Act, it was error to dismiss the complaint with prejudice for failure to state a cause of action. See May v. Holley, Fla.1952, 59 So.2d 636; Crump v. State, Fla.App.1966, 191 So.2d 617.
Reversed and remanded.