298 So.2d 420 (1974)
In re ESTATE OF Alek G. LUNGA, Deceased.
Maria LUNGU, Appellant,
v.
William T. KRUGLAK, II, et al., Appellees.
No. 73-1279.
District Court of Appeal of Florida, Third District.
June 26, 1974.
Rehearing Denied August 9, 1974.
Robert S. Korschun, Miami, for appellant.
David W. Walters, George J. Shamas, Sam Daniels, Horton & Perse, Samuel J. Hannon, Miami, for appellees.
Before PEARSON, CAPROLL and HAVERFIELD, JJ.
PER CURIAM.
The instant action is an appeal from several orders entered by the Dade County *421 circuit court, probate division, involving the administration of an estate.
The deceased, Alek G. Lunga, died on July 23, 1964. At the time it was believed that he had no will. Petitioner-appellee, David W. Walters was appointed administrator of the deceased's estate in August, 1964 and about the same time, petitioner-appellee, William T. Kruglak, II was appointed as attorney for the administrator. In February 1965, Maria Lungu, the deceased's granddaughter, through her attorney, filed several claims against the estate. They were objected to by appellee Walters, the administrator, and civil actions were filed against the estate on these claims by the appellant's attorney. During the course of administrating the estate, appellees, Walters and Kruglak in 1966 and 1967 petitioned for and were awarded partial fees respectively in the sum of $3,500 and $7,000.
In January 1971, Maria Lungu was held to be mentally incompetent and appellee George J. Shamas was appointed her guardian. On February 17, 1971, some seven years after the death of Alek Lunga, a petition for probate of a 1951 will of the deceased was filed by appellee George Shamas, as guardian of Maria Lungu. After a hearing was held thereon, the probate judge on March 29, 1972 entered an order admitting the will to probate. That order was appealed and this court affirmed (271 So.2d 805). A petition for writ of certiorari was filed in the Florida Supreme Court and was denied on April 18, 1973. In 1973, appellant had her competency restored and was appointed executrix pursuant to the 1951 probated will. Thereupon, after nine years, appellees Walters and Kruglak were removed and thereafter they filed a joint petition against the estate for final administrator's and attorney's fees for both ordinary and extraordinary services in connection with the probate administration thereof since 1964 to date (July 6, 1973). On July 10, 1973, appellee George Shamas filed against the estate a petition for fees for services rendered as guardian and requested that the court direct payment of bills rendered to him during the guardianship for services for Maria Lungu by a psychiatrist for $210 and by South Florida State Hospital for $4,331.90. After a full hearing on these petitions, the probate judge awarded David Walters for his services as administrator $17,105.80 and William Kruglak for his services as attorney $35,000. In addition, the probate court also entered an order directing the estate to pay the psychiatrist $210, South Florida State Hospital $4,311.90, and George Shamas for his services as guardian of Maria Lungu, $6,000. Appellant appeals therefrom.
Appellant first contends that the probate court erred and abused its discretion in allowing and awarding appellee Walters a fee of $17,105.80 for services as administrator of the estate of Alek G. Lunga. We disagree.
In addition to the compensation allowed to an administrator for his ordinary services, he may be allowed such further compensation as the court may deem just and reasonable for any extraordinary services such as the conduct of litigation on behalf of or against the estate, payment of extensive or complicated estate or inheritance taxes and any other special services which may be necessary. § 734.01(1)(b), Fla. Stat., F.S.A.
In determining the value of extraordinary services rendered by the personal representative of the estate the probate judge should utilize his judgment and experience, consider proof of the reasonable value of such services given by competent persons, and further take into consideration the value and size of the estate. See In re Lieber's Estate, Fla. 1958, 103 So.2d 192.
The evidence before the court reflected the following as to the extraordinary services required to be performed by the administrator, Mr. Walters: (1) the defense of numerous lawsuits, many of which were instituted by the appellant herself *422 such as: (a) her suit seeking $200,000 for nursing services rendered to the deceased under an alleged oral contract, (b) appellant's suit seeking specific performance of an alleged oral agreement to make a will, and (c) a suit of the appellant in which she sought a declaratory decree that decedent had made a $27,000 gift to her; (2) settlement of the deceased's liability on a mortgage; (3) estate tax problems; (4) a suit filed by decedent's church to recover on a pledge card signed by the decedent; (5) probate hearings; (6) extensive negotiations; and (7) the appellant's petition for probate of the 1951 will of decedent. There was also testimony before the court that the reasonable value of Mr. Walter's services was $25,000.
In light of the above, we cannot say that the probate judge abused his discretion in awarding appellee Walters a fee of $17,105.80 for services as administrator and therefore we will not disturb this award on appeal. See In re Lieber's Estate, supra.
Appellant next contends that the probate court erred and abused its discretion in allowing and awarding appellee Kruglak a fee of $35,000 against the estate. We cannot agree.
An attorney who has been employed by the personal representative of an estate in order to render services thereto for its necessary and proper management and protection is entitled to petition the probate court for a reasonable compensation. In re Paine's Estate, 128 Fla. 151, 174 So. 430 (1937).
The record with respect to Mr. Kruglak's services reflects that he spent close to 1,000 hours in working with the administrator over a period of nine years. He introduced into evidence a time log and detailed itemization of both his ordinary and extra ordinary services which were rendered on behalf of the estate. Again, we note that much of Mr. Kruglak's time was devoted to the defense of lawsuits against the estate, many of which were initiated by the appellant. In addition, there was expert testimony presented to the court that the reasonable value of his services was $50,000. Thus, we conclude that an award of $35,000 to appellee Kruglak for his services as attorney was neither unreasonable nor of sufficient amount to shock the judicial conscience of this court. Therefore, we affirm the award.
Last, appellant Lungu argues that the court erred in allowing and awarding appellee George Shamas, Jr. a guardian's fee of $6,000 from the estate of Alek Lunga and directing the payment of the South Florida State Hospital bill of $4,331.90 by the estate of Alek Lunga.
We find this point to be lacking in merit. Appellant is not contesting the reasonableness of the guardian fee or the amount of the hospital bill, but rather the order directing that these fees be paid out of the estate of Alek G. Lunga. However, a careful examination of the record reveals appellant's counsel withdrew his objection to the estate paying these bills because, in effect, all of the money in the estate would pass to appellant, Maria Lungu, who is legally obligated for the payment thereof. Thus, if it was error, it would be harmless error.
Accordingly, for the reasons cited hereinabove, the orders of the probate judge herein appealed must be and hereby are affirmed.
Affirmed.