PER CURIAM.
Subsequent to the rendition of this court’s opinion in In re Estate of Lunga, Fla.App.1973, 271 So.2d 80S, cert. denied, Fla., 277 So.2d 786, the matter reoccurred before the probate judge upon a final report of the administrator, a petition for administrator’s fees, a petition for fees to counsel for the administrator, and a petition by attorneys Hannon and Horton for *424 fees. Orders were entered and the executrix has appealed the order awarding administrator’s fees, the order awarding fees to counsel for the administrator, and the awarding of fees to attorneys Hannon and Horton. The latter order is the only one we are concerned with in this appeal. The administrator’s fees and his counsel fees were the subject matter of an appeal lately pending in this court, which resulted in an order of affirmance. See: Lunga v. Kruglak, Fla.App.1974, 298 So.2d 420.
The factual background giving rise to the instant litigation is outlined in Lungu v. Walters, Fla.App.1967, 198 So.2d 99; see also In re Estate of Lunga, supra. Prior to the discovery of the will, the probate of which was sustained in the last cited opinion, Maria Lungu entered into a contract on June 23, 1966 with Attorney Samuel Hannon to pay him 40% of the gross proceeds of recovery in representing her in any claims against the estate of her late grandfather.[1] As the estate was coming to a conclusion in the probate court, Hannon and Horton filed a petition for approval of awarding of attorneys’ fees under the contract, and detailed their services in some nine different proceedings pending in the circuit court, the probate court of Dade County, the Third District Court of Appeal, and the Supreme Court of Florida. Following a review of that petition and a responsive pleading, the trial court entered the order under review finding that the attorneys were entitled to 40% of the proceeds of the gross estate and entered a charging lien for that amount against the estate.
The executrix has appealed and urges error in the order on attorneys’ fees. We find merit in this contention. The contract was for 40% of any recovery that Hannon made on claims against the estate. Apparently these claims are still validly pending and, upon recovery being made, they will be entitled to 40% of the gross proceeds of any such recovery under the contract. Osius v. Hastings, Fla.App.1957, 97 So.2d 623; 610 Lincoln Road Inc., d/b/a A. Taylor & Sons v. Kelner, Fla.App.1974, 289 So.2d 12. As to services that they rendered to Maria Lungu in connection with the probate estate, they will be entitled to receive from the estate fees for such ordinary and extraordinary services as may be fixed by the probate judge, upon appropriate petition and proceedings thereunder. Because Maria Lungu has now ended up the sole legatee of her late grandfather’s estate, she may not want to diligently pursue her claims against the estate; but she cannot frustrate her counsel’s right to fees in accordance with their written contingency agreement because of the fortuitous change in circumstances by the discovery of the will. And, as indicated above, she of course is responsible to her counsel for sustaining the probate of the will, both in the trial court and through appellate review.
Therefore, the order hereunder review be and the same is hereby reversed, with directions to permit counsel to seek their fees by pursuing the original claims of Maria Lungu against the estate or by such other proceedings as they may deem appropriate to establish the fees recoverable under the contract dated June 23, 1966, and without prejudice to the appellees’ filing appropriate petitions before the probate court to fix their fees in connection with sustaining the probate of the last will and testament of the late Alek G. Lunga.
Reversed and remanded, with directions.

. An interest in this contract was subsequently assigned or acquired by the appellee, Horton.