322 So.2d 560 (1975)
In re ESTATE OF Alek G. LUNGA, Deceased.
Maria LUNGA, Appellant,
v.
Mallory HORTON and Samuel J. Hannon, Appellees.
No. 74-1599.
District Court of Appeal of Florida, Third District.
November 18, 1975.
*561 Robert S. Korschun, Miami, for appellant.
Horton, Perse & Ginsberg, Samuel J. Hannon, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Maria Lunga, individually and as administratrix of the estate of Alek G. Lunga, appeals from an order awarding attorneys fees in the amount of $45,000 to appellees, Mallory Horton and Samuel J. Hannon, for services rendered by them to Maria Lunga and the estate.
This case has been before this court on three prior occasions. Suffice it to say, the factual background giving rise to this litigation is outlined in Lungu v. Walters, Fla.App. 1967, 198 So.2d 99; In re Estate of Lunga, Fla.App. 1974, 298 So.2d 420; Lungu v. Horton, Fla.App. 1974, 298 So.2d 423. In Lungu v. Horton, supra, this court held with reference to Horton and Hannon, that, "they will be entitled to receive from the estate fees for such ordinary and extraordinary services as may be fixed by the probate judge, upon appropriate petition and proceedings thereunder." Pursuant and subsequent thereto, a petition for attorneys fees was filed by appellees. Hearing was held by the trial court, at which time evidence was presented by appellees only, which resulted in the order awarding attorneys fees herein appealed. Appellant presents two points on appeal. (1) That the trial court erred in awarding appellee, Horton, a fee for representing appellant because there was no proof of an employment relationship between Horton and appellant. (2) That the awarding of attorneys fees to appellees, Horton and Hannon, was excessive and an abuse of discretion in view of the evidence and testimony.
Appellant's first point is without merit because this court has previously determined, in its opinion in Lungu v. Horton, supra, that Horton and Hannon were entitled to receive attorneys fees from the estate for representing Maria Lunga. Also, there is ample competent evidence that Horton was employed to represent appellant, Maria Lunga, by her guardian during the period of her incompetency and thereafter, and performed services for her as well as the estate, for which he is entitled to compensation. Addressing ourselves to appellant's contention that the *562 award of attorneys fees was excessive, the record reflects that the award was supported by competent testimony that the attorneys were successful in probating a will which made Maria Lunga, who was a non-heir at law of the decedent, the legatee of the entire substantial estate of more than $280,000 and performed 250 to 300 hours of work over several years in so doing. It is important to note that the appellant adduced no testimony as to the reasonableness of the attorneys fees and that appellees had expert testimony well within the ambit of the fee allowed. We hold that the court did not abuse its discretion in the award of attorneys fees. See Johnson v. Kruglak, Fla.App. 1971, 246 So.2d 617, 620; Lodding v. Dunn, Fla.App. 1971, 251 So.2d 560.
Affirmed.