NATIONAL BANK OF NEWCASTLE, a National Banking Corporation, Appellant (Defendant below),

v.

Michael Edward WARTELL, Executor of the Estate of Rex R. Fox, Appellee (Plaintiff below).

No. 4828.

Supreme Court of Wyoming.

July 10, 1978.

Thomas L. Whitley and Gordon W. Schukei, Newcastle, for appellant.

Donald B. Hansen of Jones, Dumbrill & Hansen, Newcastle, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

THOMAS, Justice.

The only issue presented in this appeal is whether a father and a son successfully created a right of survivorship in a checking account so that ownership of the account vested exclusively in the son upon the death of the father. The district court held that the checking account was owned in joint tenancy and belonged to the son by right of survivorship when the father died. It entered judgment against the National Bank of Newcastle and in favor of the executor of the son's estate in the amount of $5,385.16 (the balance of the account) together with interest in the amount of $767.34 (from the date demand was made by the son for the balance of the account), and costs of $12.25, totaling $6,164.75. The National Bank of Newcastle appeals from this judgment. We will affirm the district court.

In arguing its appeal the National Bank of Newcastle states the issues as follows:

"The plaintiff [Rex Rolan Fox] sought to secure the funds in the checking account of Fox Auto Body Shop. The defendant [National Bank of Newcastle] denied that the funds were payable on demand to the plaintiff and therefore did not belong to plaintiff.

"The issues were then as follows:

"1. Whether the Fox Auto Body Shop account was a joint account.

"2. Whether the Fox Auto Body Shop account created a testamentary disposition.

"3. Whether the Wyoming statutory provisions created a joint bank account of the Fox Auto Body Shop account.

"4. Whether the plaintiff failed to satisfy the Wyoming statutory requirements for filing claims."

The appellee, Michael Edward Wartell, executor of the estate of Rex Rolan Fox, points out that the only issue in this case is who was entitled to the balance in the Fox Auto Body Shop checking account as of the date of the death of Rolan H. Fox, the father of Rex Rolan Fox. Wartell contends that the issues set forth by the National Bank of Newcastle are really only four arguments in favor of concluding that Rex Rolan Fox was not entitled to the balance in the Fox Auto Body Shop checking account. In addition he argues that the fourth reason never was raised before the district court, and should not be considered by this court.

The facts were stipulated in the district court. Rolan H. Fox established a checking account with the National Bank of Newcastle under the name of Fox Auto Body Shop. He was the only person authorized to sign checks on the account according to the signature card which was maintained as a record of the bank. Prior to the death of Rolan H. Fox he and Rex Rolan Fox signed a printed form agreement on the back of the signature card at the bank which related to a joint ownership. After its execution that agreement read as follows:

"We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be our joint property and owned by us as joint tenants, with right of survivorship, and not as tenants in common; and upon the death of either of us, any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of either of us or the survivor.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives.

"s/R.H. Fox
"s/Rex Rolan Fox"

Rex Rolan Fox did not sign the front of the signature card where the signatures of those persons authorized to draw checks

against the account are recorded by the bank.

Rolan H. Fox died on February 24, 1975, and on April 2, 1975, the National Bank of Newcastle honored a check in the amount of $5,385.16 drawn on this account by Gloria Fox, as administratrix of the estate of Rolan H. Fox, and it paid all of the money in the account to her. On April 5, 1975, Rex Rolan Fox made demand on the National Bank of Newcastle for payment of the full amount of the account to him, and the bank refused his demand.

This action then was brought by Rex Rolan Fox against the National Bank of Newcastle to recover the balance of the account which had been paid to Gloria Fox as administratrix of the estate of Rex Rolan Fox. Interest on the amount claimed also was sought. Rex Rolan Fox alleged that he was a surviving joint tenant and entitled to the money. The National Bank of Newcastle filed a counterclaim demanding recovery of $215.19 which it alleged had been paid by inadvertence and mistake to Rex Rolan Fox after the death of Rolan H. Fox when it paid certain checks which were drawn on the account by Rex Rolan Fox. Rex Rolan Fox died while the action was pending in the district court, and Michael Edward Wartell then was substituted as plaintiff after he had qualified as executor of the estate of Rex Rolan Fox.

Judgment was entered by the district court in favor of Wartell. The court stated in the judgment:

> "The Court further finds for the plaintiff and against the defendant on the defendant's counterclaim, for the reason that the balance in the checking account as of the date of Rolan H. Fox's death belonged to Rex Rolan Fox, so subsequent withdrawals from that account by Rex Rolan Fox were withdrawals of his own money."

The National Bank of Newcastle appeals from that judgment urging, as we have indicated, that a joint tenancy with right of survivorship was not created by the contract quoted above.

The National Bank of Newcastle would have us look to such facts as the establishment of the Fox Auto Body Shop account by R.H. Fox; that R.H. Fox was the only person authorized to sign checks on that account; that R.H. Fox had sole control of the account; and that Rex Rolan Fox never was authorized as a signer on the account to conclude that there was no intent to create a joint tenancy. The fallacy in this contention, however, is that the only agreement between Rolan H. Fox and Rex Rolan Fox relating to this account was the one quoted above. The contractual ramifications of the front of the signature card are not a part of the agreement between Rolan H. Fox and Rex Rolan Fox to which the bank also is a party; nor is the joint tenancy agreement controlled in any manner by the front of the signature card. Even though Rex Rolan Fox could not sign checks in the usual course of business against the account, the tenor of the agreement between Rolan H. Fox and Rex Rolan Fox, which was made upon a form utilized by the National Bank of Newcastle, is clear to the end that Rex Rolan Fox was authorized, upon satisfying the bank as to his identity, to withdraw the entire account or any part of it. Payment by the bank to Rex Rolan Fox would have been proper, and it would have incurred no liability to anyone because of such payment under § 13–29.1, W.S.1957, 1975 Cum.Supp. This latter statute encompasses a legislative policy in favor of the recognition of joint tenancies with right of survivorship in bank accounts in Wyoming.

Whatever may be the policy or rule in other jurisdictions, previous decisions in this Court have recognized that a joint tenancy with right of survivorship may be created in personal property, and specifically in a bank account. *Wambeke v. Hopkin*, Wyo., 372 P.2d 470 (1962); *Leseberg v. Lane*, Wyo., 369 P.2d 533 (1962). Cf., *Hartt v. Brimmer*, 74 Wyo. 338, 287 P.2d 638 (1955). In *Wambeke v. Hopkin*, supra, at pages 475 and 476, this Court referred to a quotation in *Hartt v. Brimmer*, supra, from Annotation, 1 A.L.R.2d 249, with approval, and then stated the rule to be:

"The foregoing logic and reasoning bring us to this conclusion: In order to create in Wyoming a joint tenancy or tenancy by the entirety, in personal property, there must exist one of the following minimum requirements:

"1. Each of the four unities of interest, time, title, and possession must be present, with the added unity of person for a tenancy by the entirety; or

"2. In the absence of one or more of the first four unities, it must be evident from the language of the instrument itself that the parties thereto intended to create a right of survivorship."

While the same issue was not presented there as is presented here in *Leseberg v. Lane, supra,* this Court recognized a joint tenancy with right of survivorship in a bank account which was created by an agreement which is identical, except for differences in .punctuation, with the agreement in this case. See *In re Jansen's Estate,* 74 Wyo. 152, 284 P.2d 1086 (1955). From the language of the instrument no conclusion can be reached except that when they signed the agreement on the back of the signature card Rolan H. Fox and Rex Rolan Fox intended to create a right of survivorship. The language is precise and clear to that end.

An analysis of the cases which support the Annotation, 1 A.L.R.2d 249, quoted with approval in *Hartt v. Brimmer, supra,* results in the conclusion that the courts have· drawn a distinction between the right of survivorship which is an incident of the traditional joint tenancy, and right of survivorship in personal property held in co-ownership which the parties intentionally created. *Crabtree v. Garcia,* Fla., 43 So.2d 466 (1949); *Illinois Trust & Savings Bank v. Van Vlack,* 310 Ill. 185, 141 N.E. 546 (1923); *In re Estate of Fanning,* 263 Ind. 414, 333 N.E.2d 80 (1975); *Marble v. Jackson,* 245 Mass. 504, 139 N.E. 442 (1923); *Burns v. Nolette,* 83 N.H. 489, 144 A. 848, 67 A.L.R. 1051 (1929); *New Jersey Title Guaranty & Trust Co. v. Archibald,* 91 N.J.Eq. 82, 108 A. 434 (1919); *Beach v. Holland,* 172 Or. 396, ˙142 P.2d 990, 149 A.L.R. 866 (1943); *Barbour v. First Citizens National Bank. of Watertown,* 77 S.D. 106, 86 N.W.2d 526 (1957); *Melhorn v. Melhorn,* 208 Tenn. 678, 348 S.W.2d 319 (1961).

■ This is the concept which this Court recognized in *Wambeke v. Hopkin, supra.* In the instant case we must presume the trial court found the intention of the Foxes to create a right of survivorship as manifested by the language on the back of the signature card. While the existence of that intention could be overcome by other evidence to the contrary (*Wagner v. Wagner,* 83 S.D. 565, 163 N.W.2d 339 (1968), and *Barbour v. First Citizens National Bank of Watertown, supra*) there is little such evidence here, and what was presented did not induce the trial court to find that the Foxes did not intend to create a right of survivorship.

■ We note the arguments of the National Bank of Newcastle that technically a joint ownership was not created; that the situation involves an incomplete and therefore invalid gift; and that the transaction should be held for naught as an invalid attempt to avoid probate without complying with the legal requirements for a valid testamentary disposition. The argument relating to the failure to create the traditional joint tenancy simply ignores the rule that a right of survivorship can be created in personal property held in co-ownership if the parties intend to create the right of survivorship. In the cases previously cited other courts have resolved the arguments as to an incomplete gift and an attempt to avoid probate in favor of sustaining the intention of the parties to create a right of survivorship. See e. g., *Beach v. Holland, supra.*

In this instance we conclude that the interest of the National Bank of Newcastle is limited to a contractual relationship between it and the Foxes. See *Crabtree v. Garcia, supra; In re Estate of Fanning, supra; Illinois Trust Savings Bank v. Van Vlack, supra; New Jersey Title Guaranty & Trust Co. v. Archibald, supra; Barbour v. First Citizens National Bank of Watertown, supra.* Lacking any interest as an owner in

the funds deposited in this account the concerns of the National Bank of Newcastle must be limited to the performance of its contract with the Foxes. This contractual aspect of the case is subject to the rule that since its terms are plain and unambiguous its meaning is to be adduced only from its language. E. g., *Shepard v. Top Hat Land & Cattle Co.*, Wyo., 560 P.2d 730 (1977) and cases cited therein. Still, we cannot refrain from noting the construction which was placed upon the contract by Rex Rolan Fox the survivor, and the National Bank of Newcastle when he drew checks on the account which the bank honored. The parties treated the instrument as one which created the right of survivorship, and this construction is the one which is honored by the statute that affords full protection to the National Bank of Newcastle for payments to the survivor.

The judgment of the district court is affirmed.