367 So.2d 1104 (1979)
AETNA CASUALTY & SURETY COMPANY et al., Appellants,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellee.
Nos. 78-820, 78-252.
District Court of Appeal of Florida, Third District.
February 27, 1979.
George J. Baya, Miami, for appellants.
Kelly, Black, Black, Wright & Earle, Daniels & Hicks and Mark Hicks, Miami, for appellee.
Before HAVERFIELD, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
*1105 HAVERFIELD, Chief Judge.
Defendant insurors appeal (1) a final judgment entered pursuant to a jury verdict awarding insured Florida Power & Light Company $156,523, and (2) an order taxing costs of $13,498 and attorney's fees of $55,000 in an action to recover under policies of fire and extended coverage.
Defendants, Aetna Casualty & Surety Company and 27 other insurance companies, issued fire and extended coverage insurance upon all of the property of plaintiff-appellee, Florida Power & Light Company, for a three-year period commencing September 1, 1969. The policies contained the identical "Inherent Explosion Clause" as follows:
* * * * * *
"1... . this policy is extended to insure against direct loss by explosions occurring on the described premises . .
"2. Loss by explosion ... shall include direct loss to electrical equipment or devices caused by any artificial electrical disturbance immediately preceding and causing an explosion insured against hereunder ...
"The following are not explosion within the intent or meaning of these provisions: (a) Electric arcing in the absence of other direct damage by explosion ... (e) Rupture, bursting or operating of pressure relief devices in the absence of other evidence of direct damage by explosion."
* * * * * *
On September 17, 1969 one of Florida Power & Light's generating units in its Port Everglades Plant was severely damaged. Florida Power & Light claimed that the damage and resulting loss of $277,311.89 was caused by an explosion and made claim upon the defendant insurors for payment under their respective policies. After a two-year investigation and negotiations, the defendant insurors[1] denied coverage on the grounds that there was no explosion and the damage was caused by electrical arcing without an ensuing fire. Thereupon, Florida Power & Light filed the instant cause of action seeking to recover for the damages sustained. The defendant insurors denied coverage and the cause was tried before a jury which returned a verdict in favor of Florida Power & Light. Final judgment was entered in accordance with the verdict (less the $115,000 already recovered from the settlement with the other insurors) and an order was entered taxing a total of $68,498 in costs and attorney's fees against the defendant insurors.
Defendant insurors basically are contending in this appeal that the trial court erred in entering final judgment for Florida Power & Light as the evidence established that all damage was caused by electrical arcing without an ensuing fire and there was no explosion; therefore, the loss was due to sudden accidental breakdown which is not covered under the subject policies. We cannot agree.
After a review of the record we find that the testimony was conflicting as to whether an explosion occurred which caused the damage to the generating plant. It then became the province of the jury to resolve the conflicts on the issue of fact arising from the testimony. See Republic Nat. Life Ins. Co. v. Valdes, 348 So.2d 566 (Fla. 3d DCA 1977). There being competent substantial evidence to support the finding of an explosion by the jury, this court must affirm the judgment entered pursuant thereto. Southeastern General Corporation v. Gorff, 186 So.2d 273 (Fla. 2d DCA 1966) and 3 Fla.Jur.2d Appellate Review §§ 345, 346 (1978).
Defendant insurors also contend the awards of $55,000 as an attorney's fee and $11,624.76 for costs (i.e. to compensate Florida Power & Light's expert witness) were excessive.
With respect to the attorney's fee, the amount of the award was well within the range of expert testimony and, therefore, we find no abuse of discretion. See Posner v. Posner, 315 So.2d 175 (Fla. 1975); In Re Estate of Lunga, 322 So.2d 560 (Fla. 3d DCA 1975).
*1106 We also find no abuse of discretion in the $11,624.76 awarded to Florida Power & Light to compensate its expert witness in that Section 90.231(2), Florida Statutes (1977) provides that costs may be taxed for expert witness fees and for the cost of preparing exhibits by the witness. See Conboy v. City of Naples, 230 So.2d 476 (Fla. 2d DCA 1970). In addition, we note that defendant insurors made no objection to the introduction of the invoices of Florida Power & Light's expert witness.
We also considered the remaining points on appeal and find no reversible error has been made to appear.
Affirmed.
NOTES
[1] Florida Power & Light settled with several insurors (not parties to this suit) for $115,000.