Action by Allen Kanter against Lillyan Kanter for divorce, wherein the decree was set aside on defendant's application. From judgments against him allowing alimony, plaintiff appeals.
Affirmed.
Counsel for the parties litigant on this appeal have posed different questions based on the record for adjudication here. The testimony appearing in the transcript answers clearly each question propounded. As we study the record, the pivitol points of the controversy are disputed and in conflict, and our adjudications are controlling in the absence of a showing of abuse of discretion by the Chancellor below. Counsel for appellant contend that Lillyan Kanter was mentally competent to sign the property settlement dated April 6, 1946, and therefore the decree of divorce was erroneously set aside. Counsel for appellee answer the argument by stating that the conduct of the husband in obtaining the settlement was inequitable, smacked of fraud and was overreaching. There is testimony to support the contentions of each party litigant, but the Chancellor settled the issues.
The testimony clearly establishes the necessities of the wife for an allowance of alimony but she failed to carry the burden of proof required by our decisions in establishing the faculties or property holdings of her husband and his financial ability to supply the wife's necessities. Arendall v. Arendall, 61 Fla. 496, 54 So. 957, Ann.Cas. 1913A, 662, 663. The husband's health was not good and he was physically unable to follow a gainful occupation other than sell newspapers on the streets. It is possible that present conditions may change in the near future as the Chancellor did not commit the appellant for contempt for his failure to pay the sums allowed the wife but simply entered judgments against him. We cannot assume that the Chancellor, in subsequent rulings in this controversy, will rule contrary to the applicable law. Counsel for appellee are allowed counsel fees for this appeal in the sum of $250.
We fail to find error in the record.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.