52 So.2d 332 (1951)
SCHUBERTH
v.
SCHUBERTH.
Supreme Court of Florida, Division B.
May 4, 1951.
Franks & Gordon, Miami, for appellant.
David Bauer and Kirtley & Connelly, all of Miami, for appellee.
CHAPMAN, Justice.
The record reflects that the parties hereto married May 19, 1948, and cohabited as husband and wife until January 19, 1949. The wife was approaching 40 years of age and the husband 50 at the time of the marriage. It was the third marriage for each of the parties. For several months prior to the marriage the wife was employed and earned approximately $50.00 per week and meals and had accumulated some few thousand dollars. The husband is shown to have accumulated real and personal property and owned and operated a seafood restaurant in Miami when the wife filed suit against her husband for divorce and other relief. It is contended here that the husband's property is valued at approximately $75,000.00, but the husband vigorously denied the contention. The book records show that the restaurant was not at the time of taking testimony a very profitable business.
The decree appealed from granted the husband a divorce; required him to pay his wife as alimony a sum of approximately $3,000.00 in monthly installments; the husband was ordered to pay counsel fees to the wife in the sum of $750.00 and costs of the litigation. The wife appealed and contends: (1) that the decree of divorce should have been entered in her behalf and against her husband; (2) the alimony allowance provided for in the final decree is inadequate and not commensurate with the husband's financial ability; (3) this Court should allow fees to the wife for the prosecution of the cause in this Court.
The testimony has been examined in light of the wife's contention that the divorce decree should have been for her in the lower court rather than against her. As we study the record the conclusion is inescapable that the wife failed to establish: (1) excessive use of intoxicating liquors; (2) extreme cruelty; and (3) adultery. The wife testified to certain unnatural relations of the husband during the period of cohabitation, but the Chancellor in weighing *333 this testimony was not impressed with its truthfulness and other parts of the testimony on the points, makes it rather difficult to follow and base a decree thereon. We find in the record sufficient competent testimony to sustain the conclusions as reached by the Chancellor and expressed in the final decree. The evidence is insufficient to sustain the charges or allegations against the husband.
It is true that the husband is shown to be the owner of real and personal property situated in Dade County, Florida. The Special Master appointed to take the testimony and make recommendations as to a decree placed a value on the entire holdings of the defendant-appellee at a sum considerably less than $75,000.00. He is shown to own his home, and some rental or income producing property is about the lot where his home is situated. From these apartments a small rental is realized. The restaurant business, from the record disclosing receipts and expenditures, is but little more than breaking even. The wife is shown to be about 40 years of age, capable of earning around $50.00 per week, and prior to marriage enjoyed excellent health. The parties lived together as husband and wife around six or eight months. Such money as was expended by her in this matrimonial adventure was by the terms of the decree ordered returned.
It is established law that this Court upon proper application will enter such orders as to counsel fees as may be reasonable so as to enable a necessitous wife to present and obtain in this Court an adjudication of all rights incident to her marriage contract. The responsibility rests alike on both this Court and counsel to exercise the highest degree of care not only in applying for reasonable counsel fees but in allowing the same so that only meritorious as distinguished from frivolous appeals shall be here heard and considered. We have held that the State of Florida or the general public, in a broad sense, is a silent party to divorce litigation and, if it appears after a careful consideration of the whole record, that substantial justice is reflected by the decree entered below then in this class of litigation appeals lacking in merit should not clog the docket of an overburdened court nor should litigants be taxed with the costs of such litigation.
The actual traveling expenses of counsel for the appellant from Miami to Tallahassee and return are allowed against the appellee. The costs of the record shall be paid by the wife-appellant. The petition for counsel fees is denied.
The decree appealed from is affirmed.
SEBRING, C.J., and ADAMS and ROBERTS, JJ., concur.