72 So.2d 671 (1954)
PROSS
v.
PROSS.
Supreme Court of Florida. Special Division B.
May 11, 1954.
*672 Morehead, Forrest, Gotthardt & Orr, Miami, for appellant.
E.F.P. Brigham, Phillip Goldman and Morris Rosenberg, Miami, for appellee.
DREW, Justice.
Appellant and appellee (hereafter referred to as wife and husband respectively), both of whom had been married previously and both of whom had children by their former marriages, were married in Miami Beach on February 28, 1948. No children were born of this union. The wife filed her action for divorce against the husband in the early part of 1952 on the grounds of cruelty and adultery. One week after the suit for divorce was instituted by the wife, the father of the wife instituted suit against the husband on a business transaction which originated early in the marriage. Due to the fact that much of the testimony would be germane to both cases, the actions were consolidated for trial and tried together before the same Master.
The Master, in very exhaustive findings, recommended that the wife be granted a divorce from the husband on the ground of extreme cruelty, that she be awarded total alimony of $4,000, payable $50 per week, and additional attorney's fees of $500 ($250 having been previously awarded as temporary fees). The lower court approved the findings of the Master in all respects and entered a final decree in accordance with his recommendations. It is from that decree that this appeal is prosecuted.
The only questions presented concern the sufficiency of the award of alimony and attorney's fees.
We will first direct our attention to the alimony award. The awarding of alimony and the amount thereof is a matter resting within the sound judicial discretion of the chancellor before whom the cause is pending. Rubinow v. Rubinow, Fla. 1949, 40 So.2d 561. A party dissatisfied with an award of alimony must carry the burden here of showing that the lower court abused its discretion with respect thereto. Kanter v. Kanter, Fla. 1949, 38 So.2d 685. There is evidence in the record which tends to establish, and the Master and lower court found, that the husband was worth about $98,000 but was heavily involved financially. His assets consisted principally of an interest in a hotel in Miami Beach from which he derived an income of about $3,600 per year. The testimony further tended to establish, and the Master and lower court found, that during the pendency of this litigation the husband was involved not only in the two suits herein referred to but also in other involved litigation and that the suit by the father-in-law against the husband was instituted *673 with the particular intent of embarrassing the husband.
The wife claims that a substantial part of the husband's wealth was accumulated during the approximate four years that the parties were married. The Master, however, found against the wife in this respect and our examination of the record establishes that there is substantial competent evidence upon which this finding is based. The Master further found that prior to the marriage of the parties the wife was working and earning $30 per week and that at the time the proceedings were pending in the lower court she was living with her son by the former marriage, and that the son was supported by her former husband.
A careful examination of the evidence in the record here leaves us with the definite impression that the wife was not free of fault in the many events and occurrences  mostly regarding financial matters  that resulted in the separation of these parties. In several important respects the Master found the wife was at fault or that her testimony with respect to certain events was unworthy of belief. It is apparent from the findings of the Master that he experienced difficulty in placing ultimate blame on either party and it is even questionable that we would have been warranted, on the disclosures of the record, in disturbing a decree denying a divorce to the wife. This is the second venture on the matrimonial seas by these parties, both of whom were earning their livelihood prior to the marriage and neither of whom has been prejudiced in any material respect by virtue thereof. We conclude that the amount of the award and the condition under which it is ordered paid finds legal, substantial and competent support in the record. See Schuberth v. Schuberth, Fla. 1951, 52 So.2d 332.
As to the award of attorney's fees, we are inclined to the view that the amount awarded may not have been entirely commensurate with the services rendered in this case but in the absence of any evidence whatever in the record on the question of what would constitute a reasonable fee under the circumstances and the fact that the amount awarded is not sufficiently low to convince us that the lower court abused its discretion in this respect, we are not inclined to increase the award, thereby merely substituting our judgment for his. See Kleinschmidt v. Kleinschmidt, Fla. 1953, 66 So.2d 815.
The decree of the lower court is accordingly affirmed.
ROBERTS, C.J., and THOMAS and BUFORD, JJ., concur.