211 So.2d 243 (1968)
Ralph G. ORTIZ, Appellant,
v.
Iris Munoz ORTIZ, Appellee.
No. 67-732.
District Court of Appeal of Florida. Third District.
June 4, 1968.
Rehearing Denied June 20, 1968.
*244 Horton & Schwartz, Miami, for appellant.
Frates, Fay, Floyd & Pearson, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
BARKDULL, Judge.
By this appeal, we are called upon to review an amended final judgment for divorce. The record on appeal reveals that the appellant [plaintiff in the trial court] filed a suit for divorce against his wife [appellee herein], which was met by a counterclaim for divorce by her. Upon final hearing, the chancellor rendered the final judgment for divorce in favor of the wife on her counterclaim, and denied the relief sought by the husband.
Among other things, the original final judgment of divorce provided alimony in the amount of $500.00 a month and support for the two minor children in the amount of $100.00 a month. In his original final judgment of divorce, the chancellor attempted [by interlineation] to preserve the wife's right of alimony against the husband's estate, in the event she did not remarry and in the event he predeceased her, by a reservation of jurisdiction.
Upon appropriate petition for rehearing, it was pointed out to the chancellor that without an express undertaking by the husband his estate could not be charged for periodic alimony, citing In re Estate of Freeland, Fla. 1965, 182 So.2d 425. Thereupon the chancellor amended his final judgment of divorce to provide lump sum alimony to the wife in the sum of $48,400.00, payable in monthly installments of $400.00 for a period of 121 months.[1]
Thereafter, upon appropriate petition, the court received evidence and fixed attorneys' fees for counsel of the wife in the amount *245 of $15,000.00 and awarded her suit money of $1,209.80.
Notice of appeal was taken, alleging error in the award of lump sum alimony, fixing of attorneys' fees, and suit money. As to the alimony, it is contended that the chancellor abused his discretion in going from periodic alimony in the original final judgment to lump sum alimony in the amended final judgment. By the original final judgment, the chancellor attempted to do something that was prohibited by the law, to wit: charge the husband's estate with periodic alimony without an express undertaking. See: In re Freeland Estate, supra.
The function of a petition for rehearing, among other things, is to point out wherein the court overlooked and failed to consider an applicable principle of law. Mann v. Etchells, 132 Fla. 409, 182 So. 198; State ex rel. Jaytex Realty Co. v. Green, Fla.App. 1958, 105 So.2d 817. Upon the petition for rehearing coming on to be heard, the chancellor recognized the controlling law and, endeavoring to carry out his original intent, required lump sum alimony to be paid. It is within the discretion of a chancellor to order lump sum alimony [Cocalis v. Cocalis, Fla.App. 1958, 103 So.2d 230; Katz v. Katz, Fla.App. 1964, 159 So.2d 241; Sommers v. Sommers, Fla.App. 1964, 169 So.2d 496; § 65.08, Fla. Stat. 1965, F.S.A.] which may be paid in installments. Schuberth v. Schuberth, Fla. 1951, 52 So.2d 332; Pross v. Pross, Fla. 1954, 72 So.2d 671; Katz v. Katz, supra.
The appellant does not urge that the amount of lump sum alimony is excessive; only that it should not have been required in the instant case. The record clearly demonstrates that the scale of living, ability of the husband to respond, and needs of the wife are sufficient to justify the award. We find no abuse of discretion and affirm the lump sum alimony award.
The appellant contends that the record will not support an award of $15,000.00 as attorneys' fees, the evidence indicating that $12,500.00 would be the maximum amount of the award. It has been held that a chancellor may not fix attorneys' fees without expert testimony. Lyle v. Lyle, Fla.App. 1964, 167 So.2d 256; Thoni v. Thoni, Fla.App. 1965, 179 So.2d 420. It has also been held that attorneys' fees awarded must be based on evidence given. Novack v. Novack, Fla.App. 1966, 189 So.2d 513; Hall v. Hall, Fla.App. 1967, 200 So.2d 544. We therefore find that the award of $15,000.00 for attorneys' fees is not supported by the evidence in the record. The most that the record will support is an award of $12,500.00. The appellee contends that, pursuant to the decisions of the Supreme Court of Florida in Lewis v. Gramil Corp., Fla. 1957, 94 So.2d 174; In Re Lieber's Estate, Fla. 1958, 103 So.2d 192, the chancellor was authorized to fix a fee based upon his own experience, familiarity, etc., with the case. We concur with the pronouncements in these opinions, but hold that whatever amount is fixed as attorneys' fees must be supported by competent substantial evidence before the chancellor. Shaffran v. Holness, Fla.App. 1958, 102 So.2d 35; McLendon v. Davis, Fla.App. 1961, 131 So.2d 765.
We find no error in the chancellor awarding suit money upon a petition subsequent to the original final judgment for divorce, because he reserved jurisdiction to fix this sum. The items allowed were within the discretion of the chancellor. It is urged that he should not have allowed the cost of taking a particular deposition which was not introduced into evidence, citing Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160; Loftin v. Anderson, Fla. 1953, 66 So.2d 470; Wilson v. Rooney, Fla.App. 1958, 101 So.2d 892; Crane v. Stulz, Fla. App. 1962, 136 So.2d 238. We find these authorities not to be controlling in the instant case, because of a broader discretion allowed a chancellor in fixing suit money in a domestic relations case, pursuant to § 65.08, Fla. Stat. 1965, than a *246 judge fixing costs to be awarded to a prevailing party in an ordinary civil action, pursuant to § 58.04, Fla. Stat. 1965, F.S.A.
Therefore, for the reasons above stated, the amended final judgment for divorce here under review be and the same is hereby affirmed, as modified, by reducing to $12,500.00 the amount of attorneys' fees awarded to counsel for the appellee.
Affirmed, as modified.
CHARLES CARROLL, Chief Judge (concurring in part and dissenting in part).
I concur, except as to the modification of the trial court's allowance to the wife for attorney fees, which I would affirm.
NOTES
[1] Which permitted the appellant to deduct the payments toward lump sum alimony from his Federal Income Tax Returns. § 71(c) (2), Internal Revenue Code of 1954.