PER CURIAM.
This cause has previously been before this court and the Supreme Court of Florida. See: Posner v. Posner, Fla.App.1968, 206 So.2d 416; Posner v. Posner, Fla.1970, 233 So.2d 381. Following the entry of our mandate in accordance with the Supreme Court opinion, the matter recurred in the trial court on several motions, and resulted in the order here under review which reads as follows:
‡ ifc ¡fc >¡« *
“THIS CAUSE is before the Court on the Plaintiff’s, SARI POSNER, Motion for Further Proceedings in the trial court and for Modification of Final Decree, as well as the Motion for Clarification filed by the Defendant, VICTOR POSNER, as to the status or limitation of discovery herein. The case is also before the Court on the Mandate from the Third District Court of Appeal in compliance with the Opinion and Judgment of the Supreme Court of Florida, filed on March 25, 1970. The Court has heard the argument of counsel of record, considered and reviewed all matters of the Opinion of the Supreme Court of Florida in this matter, reviewed the Memoranda filed by the attorneys of record, reviewed the evidence and testimony taken before me on July 28, July 29, October 26, and November 5 of 1966, and being otherwise fully advised in the premises, it is
“ORDERED and ADJUDGED as follows :
“1. This Court, prior to entering its Final Decree of Divorce dated December 7, 1966, fully considered the ability of the husband to pay and the needs of the wife, as well as the standard in which the parties had lived as man and wife, in awarding the sum of $600.00 per month as alimony to the Wife. The alimony provision was considered as of the date of the Agreement, December 16, 1960, and the date of the divorce on December 7, 1966, as being fair and reasonable under the legal principles and factors which govern such awards. The foregoing determinations were made by this Court as to alimony and support in 1966 even though they were not set out verbatim in the Final Decree of Divorce dated December 7, 1966.
“2. In compliance with the Orders, Opinions and Mandates of the Appellate Courts who have reviewed the Final Decree of Divorce, the Court has reviewed the extensive testimony received at the time of trial, as well as the numerous exhibits dealing with needs, ability to pay, and standard of living. The Court, having reviewed said matters in compliance with the Mandate, does hereby reaffirm and find that the sum provided for alimony and support was fair and reasonable under the circumstances of the parties at the time of the entry into the Agreement and the marriage, and were fair and reasonable sums at the time of the divorce in 1966.
“3. The matter shall proceed before the Court as a petition to modify the alimony and child support provisions of the Final Judgment under the terms and provisions of Section 61.14, Florida Statutes, and the Court will consider all matters involving or related to changes occurring subsequent to December 7, 1966.”
íJí % ijt %
By this interlocutory appeal, the appellant contends that the trial judge failed to follow our mandate in fixing alimony and in his limiting any petition to modify, pursuant to § 61.14, Fla.Stat., F.S.A., to a change in circumstances existing since the entry of the final decree, and contends she should be entitled to show a change of circumstances from the date of the execution of the antenuptial agreement. We affirm.
From a review of the decisions of the Supreme Court and this court, it appears that the chancellor did follow our mandate *141 and did not commit error in limiting the application of § 61.14, Fla.Stat., F.S.A., to a change in circumstances subsequent to the final decree of divorce.
Affirmed.