251 So.2d 560 (1971)
Madaline LODDING and Woodrow C. Lodding, Appellants,
v.
Irving DUNN and Thomas C. Johnson, Appellees.
Nos. 70-843, 70-848.
District Court of Appeal of Florida, Third District.
August 17, 1971.
Rehearing Denied September 9, 1971.
Salley, Barns, Pajon & Immer and James F. Dougherty, and Stephens, Demos, Magill & Thornton, Miami, for appellants.
Horton & Schwartz, Dunn & Johnson and Daniel Neal Heller, Miami, for appellees.
Before PEARSON, and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
Appellant-plaintiff Madaline Lodding and appellant-respondent Woodrow Lodding, by this consolidated appeal, seek review of a final judgment awarding attorneys fees to appellees, Dunn and Johnson, entered after a non-jury hearing. The award was for $100,000.00 ($75,000.00 from Madaline Lodding and $25,000.00 from Woodrow Lodding) based upon quantum meruit as to both appellants and a contingent fee contract as to her. The attorneys had petitioned for fees and to impress a charging lien.
A related case concerning appellants' marriage is Lodding v. Lodding, Fla.App. 1971, 245 So.2d 150.
*561 While many points are presented by both appellants for reversal, we need discuss only the question of the reasonableness of the fee.
The general rule is that in the absence of contract or statute fixing the amount of compensation, the lawyer is entitled to recover the reasonable value of his services.
This court has detailed the factors to be considered, and has held that not only must each factor be considered by the trial court, but the determination must be supported by substantial, competent evidence. Novack v. Novack, Fla.App. 1966, 189 So.2d 513 and Adler v. Schekter, Fla.App. 1967, 197 So.2d 46, same fee after remand, Fla.App. 1968, 207 So.2d 78.
The trial judge here made a series of findings of fact underlying his consideration of the factors discussed in the cases cited. These findings of the trial court are clothed with a presumption of correctness.
In the instant case these findings were to the effect that the claims involved varied, complex and extremely time-consuming matters. Approximately six hundred hours were involved in the total representation. The property involved was considerably more than $500,000.00. Successful results were achieved respecting alimony and the recognition and transfer to her of personal property (particularly a $500,000.00 "debenture" or "note"). This was accomplished through a settlement and stipulation, at which time Mr. Lodding's liability for attorney's fees was established at $25,000.00, with Mrs. Lodding being responsible for the remainder.
The court referred to certain expert testimony relating to the factors or elements to be weighed in determining a reasonable fee. The testimony considered the time expended, difficulty of the issues, complexity of litigation, eminence of opposing counsel, and results obtained.
We recognize the duty of the trial court to reasonably exercise its discretion in setting attorneys' fees. We also realize that while these fees are large, we cannot say they are so unreasonable as to constitute reversible error or an abuse of judicial discretion. Johnson v. Kruglak, Fla.App. 1971, 246 So.2d 617 and cases cited. In the final analysis, the question of fees can only be resolved with reference to a particular case. See also: Huntley v. Baya, Fla.App. 1962, 136 So.2d 248, 251 as to the date from which interest is properly computed.
Affirmed.