WALDEN, Judge.
This was a complicated and hotly contested divorce suit. The husband appeals only from portions of the final judgment awarding attorney fees and certain property to the wife, as follows:
“1. Did the lower court not err in awarding to the wife in the divorce proceedings attorneys’ fees in the amount of $18,700?
“2. Did the lower court err in awarding to the wife a one-half equitable interest in her husband’s interest in Lee Innkeepers, Inc., as well as one-half of his corporate stocks ?”
We have wrestled back and forth for an inordinate amount of time in an effort to unravel the confusing and sometimes inconclusive features of the financial transactions of the parties. We have finally satisfied ourselves that the trial judge’s decision rested within the proper limits of his discretion, that it was supported by sufficient competent evidence, and that the husband has failed to demonstrate error, either as a matter of fact or law.
With particular reference to the attorney fees, the amount awarded was considerably less than the sums suggested by expert witnesses. The husband produced no witnesses to support his contention that the sum was excessive. There was impressive indication that the large amount of time and effort expended was directly attributable to the husband’s recalcitrance and evasiveness. The trial judge was clearly warranted in *7 times inconclusive features of the financial finding that the services were necessarily required and that the fee awarded was a reasonable sum under the circumstances. Pross v. Pross, Fla., 1954, 72 So.2d 671; Zohlman v. Zohlman, Fla.App.1970, 235 So.2d 532.
While the evidence was sometimes in conflict, the award of a special equity to the wife in the husband’s securities and to a portion of his interest in Lee’s Innkeeper, Inc. was based on adequate testimony and made according to accepted legal criteria. Tanner v. Tanner, Fla.App.1967, 194 So.2d 702; Green v. Green, Fla.App.1969, 228 So.2d 112.
The judgment is Affirmed.
REED, C. J., and OWEN, J., concur.