315 So.2d 175 (1975)
Sari POSNER, Petitioner,
v.
Victor POSNER, Respondent.
Sari POSNER, Appellant,
v.
Victor POSNER, Appellee.
Victor POSNER, Appellant,
v.
Sari POSNER, Appellee.
Nos. 41062, 46153 and 45143.
Supreme Court of Florida.
April 16, 1975.
Rehearings Denied July 18, 1975.
Mallory H. Horton of Horton, Perse & Ginsberg, Miami, and Frank Ragano of Ragano & LaPorte, Tampa, for Sari Posner, petitioner, appellant, appellee.
Lawrence E. Hoffman of Hoffman & St. Jean, Miami Beach, and Ray H. Pearson, Guy B. Bailey, Jr. and James D. Little of Frates, Fay, Floyd & Pearson, Miami, for Victor Posner, respondent, appellee, appellant.
PER CURIAM.
This cause is before us on (1) a petition to require compliance with this Court's opinion and mandate reported at 257 So.2d 530, (2) an interlocutory appeal from an order awarding alimony and child support, *176 and (3) an interlocutory appeal from an order awarding attorney's fees. Our jurisdiction to consider the petition for compliance is based upon this Court's inherent power to enforce its own orders.[1] To facilitate matters for the parties, this Court ordered the transfer from the District Court of Appeal, Third District, of the two interlocutory appeals, which appeals were consolidated sua sponte by this Court with the petition to require compliance; oral argument was heard on all three matters. The facts of the case are as follows:
On December 1, 1960, the husband transferred $8,400,000.00 to an "irrevocable trust". Prior to the parties' marriage on December 30, 1960, the husband gave the wife a letter purportedly disclosing his financial aspects and advising her of the irrevocable trust. The parties were divorced on December 7, 1966; two children were born of the marriage. An appeal was taken, and in its decision the District Court of Appeal, Third District, held that the alimony provisions of the antenuptial contract were not binding on the discretion of the chancellor in awarding alimony.[2] The District Court then certified its decision to this Court, which, in its first opinion,[3] held that:
"... the antenuptial agreement, if entered into under the conditions outlined in Del Vecchio ... was a valid and binding agreement between the parties at the time and under the conditions it was made, but subject to be increased or decreased under changed conditions ..."
This Court quashed the District Court's opinion with instructions that the case be remanded for further proceedings in the trial court. Pursuant to this Court's mandate, the District Court remanded the cause to the trial court.[4]
Without taking any further evidence, the trial court found provisions of the agreement fair and reasonable and ruled that on any future petition for modification it would consider evidence of change in circumstances since the date of divorce. The wife was restricted by the trial court from offering evidence relating to changed circumstances occurring during the marriage. On appeal, the District Court of Appeal, Third District, affirmed.[5] Petitioner then filed her Petition for Writ of Certiorari to this Court, alleging that the District Court's opinion conflicts with this Court's first opinion in this case; this Court took jurisdiction on the more fundamental basis of enforcement of its own mandate. On March 8, 1972, this Court entered its opinion[6] in which it found the trial court's order "entirely inadequate"; however, because this case had been in litigation since 1965 and had already been remanded once, this Court exercised its power under Section 59.34, Florida Statutes, to "give such ... decree as the court below should have given ...". Having examined the record, this Court concluded that the antenuptial agreement was void; whereupon the cause was remanded for determination of a reasonable alimony, support for the children, and property rights, if any. The trial court was specifically directed on remand to determine both the actual gross worth of the husband at the present time and the parties' standard of living in terms of dollars and cents spent by the husband; the trial court was authorized to take additional testimony in this regard. This Court awarded the wife $2,000.00 per month as alimony pendente lite, less credit for the $600.00 per month which the husband had been paying, leaving a balance *177 due the wife of $146,400.00. The cause was then remanded with directions to the trial court for further proceedings.
On November 19, 1973, the trial court entered its "findings of fact, conclusions of law, and award of permanent alimony and child support". In that order, the trial court found that the wife had not carried her burden of proving that her present needs are greater than those which appeared in the record for this Court in 1972; that the husband's gross wealth was $386,409.00, i.e., as represented by his gross assets less liabilities; that, overall, the husband's total gross assets less liabilities amounted to $2,857,071.00; that there was no necessity for lump sum alimony; that the temporary alimony awarded by this Court should be increased to $2,600.00 per month based on a cost of living increase in the amount of 30%; that the child support award granted by this Court should be increased to $800.00 per month per child based on a cost of living increase in the amount of 33 1/3%; and that the husband should pay all future medical and dental expenses for the minor children.
On December 14, 1973, the wife filed her "Petition to require compliance with court's opinion and mandate" in this Court; out of an abundance of caution, the wife also filed an interlocutory appeal in the District Court of Appeal, Third District, but this case has been consolidated with the Petition by order of this Court. On January 17, 1974, the trial court entered its order directing the husband to pay $65,000.00 for the wife's attorney's fees for services rendered following remand by this Court. The husband has filed his interlocutory appeal to the District Court of Appeal, Third District, from this order; this, too, has been transferred and consolidated with the above petition for compliance and the wife's interlocutory appeal.
Initially, we consider the petition for compliance. Reviewing the record, it is our opinion that the trial court proceeded in accordance with the mandate of this Court. We agree with the husband that, having already heard the evidence pertaining to the circumstances that existed prior to the decree, the trial court was not required on remand to hear additional evidence relating to that time period. On remand the court reviewed the prior testimony and heard additional evidence on matters occurring subsequent to the date of the decree of divorce, with particular emphasis on the two areas to which its attention was directed by this Court: i.e., the husband's actual gross worth presently and the parties' standard of living as established by the husband. It is our view that the lower court has complied with the mandate from this Court and that the writ of certiorari should be discharged.
We next turn our attention to the wife's interlocutory appeal on the matter of alimony. While we reject the wife's argument that she is entitled to both lump sum alimony and periodic alimony to be paid over a specified time period, in our opinion the record supports the view that the trial court grossly abused its discretion in reaching the alimony award that it did. We consider a monthly alimony award to the wife of $3,250.00 to be more equitable, considering the tax status of the parties.
Finally, we address ourselves to the matter of the award of $65,000.00 as attorney's fees to the wife. It is not contradicted that, conservatively, between 135 and 150 hours had been expended in this cause after remand on behalf of the wife, that an expert witness offered by the wife testified that in his opinion a fee between $75,000.00 and $100,000.00 would be reasonable in this case, and that the husband offered no testimony and no evidence of any kind relating to this subject. There appears, then, a total lack of demonstration of the claimed excessiveness of the fee, *178 which we find to be well beneath the figures suggested by the expert witness.
To summarize, we find (1) that the lower court has complied with the mandate of this Court, and the writ of certiorari should be and hereby is discharged; (2) that the award of alimony, being grossly inadequate, is hereby reversed and remanded with instructions to the trial court to award alimony monthly to the wife in the amount of $3,250.00; and (3) that the order setting attorney's fees is supported by competent substantial evidence and is hereby affirmed.
It is so ordered.
ADKINS, C.J., ROBERTS, BOYD, McCAIN, DEKLE and OVERTON, JJ., and FERRIS, Circuit Judge, concur.
NOTES
[1] Florida Guaranteed Securities v. McAllister (5 Cir.1931), 47 F.2d 762.
[2] 206 So.2d 416 (Fla.App. 1968).
[3] 233 So.2d 381 (Fla. 1970).
[4] 234 So.2d 378 (Fla.App. 1970).
[5] 245 So.2d 139 (Fla.App. 1971).
[6] 257 So.2d 530 (Fla. 1972).