375 So.2d 591 (1979)
Wilbur M. SNIDER, Appellant,
v.
Evelyn SNIDER, Appellee.
Nos. 79-161, 79-908.
District Court of Appeal of Florida, Third District.
September 25, 1979.
Rehearing Denied October 24, 1979.
*592 Heller & Kaplan, Miami, for appellant.
Frates, Floyd, Pearson, Stewart, Richman & Greer and Phillip E. Walker and Robert L. Floyd, Miami, for appellee.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
HENDRY, Judge.
This is a consolidated appeal from an order on the attorneys' fee in an action for dissolution of marriage; the appellant/husband contests both the finding of reasonableness of the fee and the requirement that he pay one-half of the fee.
The appealed order recites in pertinent part:
"ORDERED AND ADJUDGED
"1. That this Court finds a reasonable attorneys' fee for the wife in this cause to be One Hundred Fifty Thousand ($150,000.00) Dollars; and it is further ordered
"2. That the Respondent/Husband pay to attorneys for the Petitioner/Wife Seventy-Five Thousand ($75,000.00) Dollars of that reasonable fee.
"3. Final Judgment is hereby entered against the Respondent/Husband, Wilbur M. Snider, in favor of Frates, Floyd, Pearson, Stewart, Richman & Greer, P.A., as attorneys for Petitioner/Wife, Evelyn Snider, in the sum of Seventy-Five Thousand ($75,000.00) for which let execution issue."
Appellant's charge that the court-awarded fee is unreasonable is based solely upon the "unconscionability" of the hourly rate. However, the hourly rate computation is merely one of the many elements considered in determining the amount to be awarded for attorneys' fees pursuant to a motion made following a dissolution proceeding. Of course, expert witness testimony is necessary to prove the amount. See Nivens v. Nivens, 312 So.2d 201 (Fla. 4th DCA 1975). The underlying rationale for the requirement of expert witness testimony is aptly stated in Lyle v. Lyle, 167 So.2d 256, 257 (Fla.2d DCA 1964):
"In all litigation involving professional fees proof is required of the nature of, and the necessity for, the services rendered, and the reasonableness of the charge made therefore. In this respect the legal profession stands on the same plane with other professions.
"As between a lawyer and his client the matter of the fee is one of contract between the two, but a fee to be allowed by *593 the court is something else and must be proved as any other fact, and determined and allowed by the court in its judicial discretion. The reasonableness of the attorneys' fee is not the subject of judicial notice, neither is it to be left to local custom, conjecture or guesswork. Each award must be made on its own merits and should be justified by the circumstances in each particular case.
"To those lawyers whose practice brings to them more than an occasional suit in which the fee is set by the court, the routine of giving testimony detailing the services and the proving of the value of the services may seem tedious, monotonous or even distasteful. Certainly the hearing of such proof by the trial judge day after day, week after week, may become a routine humdrum which does little, if anything, to add interest to the proceedings. However, the parties to the suit, having their day in court, cannot be ignored. Trial judges are not so busy they cannot take time to hear such evidence; lawyers who treat such evidence lightly defeat their own purpose; and such evidence, while it is persuasive only, must be adduced else the court is without authority to make any award since the award must be based on competent evidence. Aside from the principle that the value of personal services is proven by expert witnesses, the self-serving nature of the testimony given by the attorney who performs the services precludes the court from making an award based solely on his testimony.
The well-qualified expert witnesses who testified in behalf of the appellee's position placed the range for a "reasonable" fee for professional services rendered in the cause to be between $250,000 and $325,000. And a review of the record reveals that the appellant's expert witness failed to present sufficient testimony to contradict the figures advanced. Grounded on the fact that the husband failed to present the required evidence to counter the testimony offered by the wife's expert witnesses on the issue of attorney's fees, the appellate court in Lee v. Lee, 262 So.2d 6 (Fla. 4th DCA 1972) affirmed the trial court's award. In the instant case, the appellee has sufficiently provided proper proof which was essentially unrefuted on the issue of reasonableness by the appellant and his expert witness.
Traditionally, in conjunction with expert testimony the elements considered when the court fixes the amount of fees for counsel involved in such an action include the specific services rendered, the responsibility incurred, the nature of the services, the skill required, the circumstances under which services were rendered, the ability of the litigants to respond, the value of the services to the client, and the beneficial results, if any, of the services. See Pfohl v. Pfohl, 345 So.2d 371 (Fla.3d DCA 1977), and Provus v. Provus, 44 So.2d 656 (Fla. 1950). The record sub judice clearly demonstrates that the complexity of the issues created by the appellant's counterclaim demands caused the appellee's counsel to be required to render superior quality legal services of a highly complex and time-consuming nature. There is competent, substantial evidence to support the trial court's award as reasonable under the circumstances of the cause.
Appellant's contention that the trial court's order requiring him to pay one-half of the appellee's fee constitutes an abuse of discretion and should be reversed is unfounded. It is well established that among the criteria governing this type of recovery are the ability of the husband to pay and the need of the wife. In the case before us the record reflects that prior to the separation of the parties and at the time the appellee filed the petition for dissolution, she showed the need for attorneys' fees as well as for living expenses. Although her financial condition was vastly improved upon the creation of the provisions of the final judgment,[1] the need of the wife and the ability of the husband to pay *594 were shown. The court in Storer v. Storer, 353 So.2d 152 (Fla.3d DCA 1977), considered whether the lower court had erred in requiring the husband to pay $200,000.00 of the wife's attorneys' fees. In affirming the award our court stated, at 158-159:
"A hearing was held on the issues of attorneys fees and costs. Expert testimony was presented on behalf of both parties. The trial court, in making its determination of the portion of the wife's attorneys fees to be paid by the husband, stated that, `... the record should contain a full and fair reflection on the Court's feelings on all the matters.' It was then determined that a reasonable fee for the wife's attorneys would be $400,000.00, and that it would be reasonable for the husband to pay $200,000.00, or one half of that amount."
"We find that this award of attorneys fees is not so excessive as to constitute an abuse of discretion. The expert testimony established the value of the case, and the amount of the award was within the bounds of the experts' recommendations. It is apparent from the lengthy record that the case involved such difficulty and complexity, and required such skill of counsel as to make the fee reasonable. See Lodding v. Dunn, 251 So.2d 560 (Fla.3d DCA 1971); and compare Cummings v. Cummings, 330 So.2d 134 (Fla. 1976)."
The final judgment herein appealed is affirmed in all respects.
Affirmed.
NOTES
[1] The final judgment property rights provisions were the subject of an earlier appeal; this court affirmed in most part and reversed and remanded as to one provision. 371 So.2d 1056 (Fla.3d DCA 1979).