376 So.2d 1204 (1979)
Harland Morrison ADAMS, Appellant,
v.
Mary Alice ADAMS, a/k/a Alicia Johnson Adams, Appellee.
Nos. 77-821, 77-822 and 77-2645.
District Court of Appeal of Florida, Third District.
November 6, 1979.
Rehearing Denied December 7, 1979.
Horton, Perse & Ginsberg and Mallory H. Horton, Mason & Meyerson, Miami, for appellant.
Frates, Floyd, Pearson, Stewart, Richman & Greer, Daniels & Hicks and Sam Daniels, Miami, for appellee.
Before BARKDULL, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The husband, Harland Adams, appeals from an amended final judgment of dissolution which was entered after the trial judge set aside a property settlement agreement between the parties which had been incorporated into the original judgment. We affirm.
The appellant's first point claims error in the order which vacated the earlier settlement on the ground that it was the product of the husband's overreaching and misrepresentation as to the extent of his net worth at the time the agreement was *1205 executed.[1] Our review of the massive record developed below reveals ample evidence to sustain the chancellor's conclusions on these issues. We may therefore not interfere with his determination setting the agreement aside. Posner v. Posner, 257 So.2d 530 (Fla. 1972); Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962); Demaggio v. Demaggio, 317 So.2d 848 (Fla.2d DCA 1975); McCormick v. McCormick, 181 So.2d 220 (Fla.2d DCA 1965), cert. denied, 188 So.2d 807 (Fla. 1966).[2]
The husband next challenges the provision of the final judgment which awarded the appellee $225,000 in lump sum alimony, payable $112,500 down, with the balance in 121 equal monthly installments.[3] The record demonstrates both a vast disproportion between the resources of the parties and that, at the time of the dissolution,[4] Mrs. Adams was in debt and had no liquid assets at all. Under these circumstances, which closely parallel those in what we deem to be the controlling case of Bosem v. Bosem, 279 So.2d 863 (Fla. 1973), the trial court acted within the ambit of sound judicial discretion in its lump sum award. See also Winner v. Winner, 370 So.2d 845, 847 (Fla.3d DCA 1979), and cases cited. We reach the same conclusion in approving the amounts provided for the support of the couple's two children, e.g. Neckman v. Neckman, 298 So.2d 534 (Fla.3d DCA 1974), and the visitation rights afforded the appellant in the final judgment. The restrictions on visitation, while very severe, were unfortunately justified by a view of the record concerning the relationship between the children and Mr. Adams which the chancellor had a right to accept. Hechler v. Hechler, 351 So.2d 1122, 1123 (Fla.3d DCA 1977), and cases cited; Cortina v. Cortina, 108 So.2d 63 (Fla.2d DCA 1959). As to each of these issues, this court simply lacks the authority, even if it desired to do so, to substitute its judgment for that of the lower tribunal. Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975).
Adams also claims error in the awards of attorney's fees and costs assessed against him. His primary contention in this regard is that the $185,000 granted in total fees to the wife's present lawyers[5] is excessive. We disagree. While the amount is certainly very large, the figure is well within the range of the expert testimony on the subject, and is entirely consistent with the *1206 evidence as to the hours and effort expended, the results achieved, and the quality of the services rendered. Although the appellant is undoubtedly correct in contending that it would be improper to compensate the wife's two law firms for duplicative and thus unnecessary work, we find no ground for assuming that this occurred below. There is therefore no basis for interfering with the trial judge's assessment of the amount of the fee. Snider v. Snider, 375 So.2d 591 (Fla.3d DCA 1979) and cases cited; State of Florida, Department of Natural Resources v. Gables-By-The-Sea, Inc., 377 So.2d 582 (Fla.3d DCA 1979) and cases cited; Posner v. Posner, 315 So.2d 175 (Fla. 1975). Moreover, the assessment of the bulk[6] of the fees against the husband was not improper in view of the financial circumstances of the respective parties. See Posner v. Posner, 315 So.2d 175 (Fla. 1975); Bosem v. Bosem, supra; Storer v. Storer, 353 So.2d 152, 158-159 (Fla.3d DCA 1977), cert. denied, 360 So.2d 1250 (Fla. 1978); Bucci v. Bucci, 350 So.2d 786 (Fla.3d DCA 1977); Pfohl v. Pfohl, 345 So.2d 371, 379 (Fla.3d DCA 1977); Jassy v. Jassy, 347 So.2d 478, 482 (Fla.2d DCA 1977). Finally, no error has been shown in the award of costs. See Tobin v. Lefkowitz, 367 So.2d 682 (Fla.3d DCA 1979).
Affirmed.
NOTES
[1] There was evidence that Mr. Adams, who is the grandson of Colonel Harland Sanders, had evaluated his Kentucky Fried Chicken stock, which was really worth over $8,000,000, at $290,000; and had represented that his total net worth, which was over $10,000,000, was "only" $2,000,000.
[2] The husband initially challenged the trial court's rulings which precluded, based on the attorney-client privilege, inquiry into the advice, if any, given to the wife by her then-lawyer concerning her execution of the property settlement agreement. This issue was deemed critical because of the fact that if the wife, for her own personal reasons, desired to sign the agreement despite her lawyer's informed advice not to do so, the husband's conduct might not be relevant to that execution or result in the contract's being vacated. After oral argument on the merits of the appeal, this court concluded that the appellant was correct on this point. Accordingly, we entered an order relinquishing jurisdiction to the circuit court for 90 days for the taking of testimony and the entry of an appropriate order on the subject. The trial judge courteously and expeditiously complied with our request. After an evidentiary hearing, he entered an order that "the wife's former lawyer did not, prior to wife's signing of the... Agreement, advise the wife not to sign said agreement." Since this finding is supported by the record of the hearing on remand, the appellant's argument on the issue has thus become moot.
[3] The final judgment also granted permanent periodic alimony which Mr. Adams initially challenged. Soon after the appeal was commenced, the wife remarried, thus terminating the periodic alimony, and the point has therefore been abandoned. Ms. Adams' remarriage, however, does not affect her vested right to the lump sum award. Storer v. Storer, 353 So.2d 152 (Fla.3d DCA 1977), cert. denied, 360 So.2d 1250 (Fla. 1978); Cann v. Cann, 334 So.2d 325 (Fla.1st DCA 1976), and cases cited.
[4] See note 1, supra.
[5] The trial judge required the wife to pay a $25,000 fee to her first attorney. Cf. Storer v. Storer, supra.
[6] Ibid.