400 So.2d 32 (1981)
Curtis MELTZER, M.D., Appellant/Cross-Appellee,
v.
Frances MELTZER, Appellee/Cross-Appellant.
Nos. 79-1725, 79-1726.
District Court of Appeal of Florida, Third District.
May 19, 1981.
Rehearing Denied July 15, 1981.
*33 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant/cross-appellee.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Leonard H. Rubin and Paul A. Louis, Miami, for appellee/cross-appellant.
Before SCHWARTZ and FERGUSON, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
SCHWARTZ, Judge.
In Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979),[1] this court held that an increase in the husband's child support obligations for the parties' two children from $750 to $850 per month was manifestly insufficient. The case was remanded for the trial court to "fix a more adequate amount ... as it may determine." 356 So.2d at 1266. Following an extensive trial on the issue, the court increased the award to $1,800.[2] Dr. Meltzer now challenges that determination. We disagree with his position. As he did in the previous proceeding, see 356 So.2d 1264, n. 1, the husband has stipulated to his financial ability to make these payments. There is also competent evidence in the record to support the conclusion that the amount is commensurate with the children's needs. Particularly in the light of our earlier express ruling on the subject, we therefore cannot find that the amount of the increase provided below represents an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Adams v. Adams, 376 So.2d 1204 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1109 (Fla. 1980); Krischer v. Krischer, 337 So.2d 1011 (Fla. 3d DCA 1976); Jelke v. Jelke, 233 So.2d 408 (Fla. 3d DCA 1970), cert. denied, 238 So.2d 107 (Fla. 1970).
We similarly reject the contention that the $45,000 award to the wife's attorneys is excessive. As in Adams v. Adams, supra, "the figure is well within the range of the expert testimony on the subject, and is entirely consistent with the evidence as to the hours and effort expended, the results achieved, and the quality of the services rendered." 376 So.2d at 1205-06. See also, Posner v. Posner, 315 So.2d 175 (Fla. 1975); Snider v. Snider, 375 So.2d 591 (Fla. 3d DCA 1979), appeal dismissed, 385 So.2d 760 (Fla. 1980); Zohlman v. Zohlman, 235 So.2d 532 (Fla. 3d DCA 1970), cert. denied, 238 So.2d 430 (Fla. 1970); Frischkorn v. Frischkorn, 223 So.2d 380 (Fla. 3d DCA 1969), cert. denied, 229 So.2d 868 (Fla. 1969).
By cross-appeal, Ms. Meltzer claims error in the fact that the trial judge awarded only $25,000 to compensate for additional child support before the date of the order under review, July 3, 1979, rather than making the increase fully retroactive to the filing of the original petition for modification on August 1, 1974.[3] Again, we find no error. It is indeed the case that both Meltzer v. Meltzer, supra, at 356 So.2d 1266, and the earlier decision in Meltzer v. Meltzer, 262 So.2d 470, 472 (Fla. 3d DCA 1972), held that any increase should take effect from the date that the respective application for modification was filed. But it is obvious that each case was based on the determination, as stated at 262 So.2d 472, that "[t]he evidence is clear that the needs of the children existed as of the date of the filing of the petition." That is not true of the present record. Indeed, the wife effectively contended below, and argues here, that the $1,800 award is justified because of the increased expenses caused by the rampant inflationary trend between 1974 and 1979. While this argument is a perfectly valid one, see Powell v. Powell, 386 So.2d 1214 *34 (Fla. 3d DCA 1980), it necessarily also acknowledges that the amounts required by the children retrogressively diminished from the 1979 $1,800 figure through the previous five years. Moreover, during that period, Dr. Meltzer made very substantial payments for the children's camp and school expenses, which were not required by any existing order or the effect of the subsequent one now under review,[4] and which therefore may properly have been credited against the retroactive increase. Under these circumstances, we hold that full retroactivity was not required as a matter of law, and that the trial court did not abuse the discretion it possesses in fixing the degree and extent to which a modification should be given preorder effect. McArthur v. McArthur, 106 So.2d 73 (Fla. 1958); Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978); Simon v. Simon, 155 So.2d 849 (Fla. 3d DCA 1963); see also, Arnold v. Arnold, 332 Ill. App. 586, 76 N.E.2d 335 (1947); Hoops v. Hoops, 266 App.Div. 512, 42 N.Y.S.2d 635 (1943); 27A C.J.S. Divorce § 240(a) (1959).
Affirmed.
NOTES
[1] The case had been previously here in Meltzer v. Meltzer, 262 So.2d 470 (Fla. 3d DCA 1972) and Meltzer v. Meltzer, 221 So.2d 751 (Fla. 3d DCA 1969). This is thus no less than the fourth appearance of this case before us.
[2] In addition, pursuant to the father's express agreement to make these payments, the order required him to pay for the children's camp, private school, and medical expenses.
[3] Complete retroactivity would have resulted in a judgment of well over $50,000 in arrearages.
[4] At oral argument, the wife's counsel conceded that there was no retroactive obligation to make the payments to which the husband agreed in the proceedings below. See note 2, supra.